PORT HURON & SOUTHWESTERN RAILWAY COMPANY v. HIRAM POTTER.

*Common counts—Suit on non-negotiable note.*

A non-negotiable promissory note for a valuable consideration may be sued by the payee, when absolutely payable, in an action on the common counts. So *held* of a railroad aid note conditioned on the completion of the road to a certain point.

Error to Macomb. (Stevens, J.)   Jan. 9.—Jan 14.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Eldridge & Spier* for appellant.

*Avery Bros.* for appellee, cited in support of the pleading 2 Greenl. Ev. § 104; *Eggleston v. Buck* 24 Ill. 262; *Begole v. McKenzie* 26 Mich. 472; *Blackwood v. Brown* 34 Mich. 5; *Thomas v. Caldwell* 50 Ill. 138.

CAMPBELL, J.   Plaintiff sued defendant on a railroad aid note, conditioned on the completion of the railroad of plaintiff as far as the township of Riley. The declaration was upon the common counts with a copy of the instrument attached, the execution of which was denied but fully proved, as well as the performance of the condition. The only defense is that the paper was not admissible under the declaration because it is claimed not to be a promissory note in its

proper sense. The plaintiff recovered below, and all the errors assigned rest on this objection.

The ground of it is that the statute concerning pleadings, which provides for declaring with common counts and a copy of the paper (How. Stat. §§ 7345–6 &c.), applies only to bills of exchange and promissory notes negotiable under the law. But the only new rule brought in by that statute was the provision which allowed a single suit to be brought against endorsers and other parties as well as makers. So far as the makers of notes are concerned it has always been competent to sue them under the common counts. *Brown v. McHugh* 35 Mich. 50. This doctrine is old and elementary, and it is a novelty to see it questioned. See Chitty on Bills, 593. And it is equally well settled that a note not negotiable, if given for a valuable consideration and when it has become absolutely payable, may be sued for by the payee in the same way. Edwards, Cow. & H. notes 730, 731. In the present case a sum certain was shown to have become fully due under the agreement contained in the note, and it was properly recovered under the general counts.

The judgment must be affirmed.

The other Justices concurred.