THE CONRAD SEIPP BREWING COMPANY (A CORPORATION) v. EDWARD J. McKITTRICK.

*Bills and notes—Pleading—Assumpsit—Common counts.*

1. In a suit by the payee in a *judgment* note, commenced by declaration, to which a copy of the note is annexed, with a notice that it constitutes the plaintiff's sole cause of action, the execution of the note need not be proved unless denied under oath.

2. In such a case the promise is to pay money, and its non-payment constitutes the sole breach, and a recovery may be had under the common counts, under which the contract is admissible in evidence.

3. The admission of "for value received" in a judgment note is prima facie sufficient to show that the promise contained in the note had an adequate consideration to support it.

4. An instrument in form a promissory note, but which authorizes a confession of judgment for the amount due thereon, with costs and the usual attorney's fees, is not a promissory note, under the Michigan decisions; citing Bank v. Purdy, 56 Mich. 6; Altman v. Rittershofer, 68 Id. 287; Altman v. Fowler, 70 Id. 57; Wright v. Traver, 73 Id. 493; Bank v. Wheeler, 75 Id. 546.

5. In each of the cases above cited the suit was brought by an indorsee of the instrument, who failed to recover because it was not a promissory note negotiable under the law-merchant, and the declaration failed to allege title in the plaintiff by assignment, the indorsement on the back of the contract being held insufficient to transfer title, or to operate as an assignment of the contract.

Error to Kent. (Burch, J.) Argued May 13, 1891. Decided May 21, 1891.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

FitzGerald & Barry, for appellant, contended:

1. How. Stat. § 7346, allows a plaintiff in an action on a bill of exchange or promissory note to declare on the money counts only, and give such bill or note in evidence thereunder in cases where a copy of the instrument has been served with the declaration, but this right does not extend to other written contracts for the payment of money; citing Altman v. Fowler, 70 Mich. 57, 59; Mattison v. Marks, 31 Id. 421, 422.

2. The paper is not a promissory note; citing the cases cited in the opinion.

3. The power of attorney clause could not be stricken out without making a material change in the instrument, as it was a contract to be performed in Illinois, by the laws of which state the validity of that clause, as well as of the entire contract, must be governed; citing Story, Conf. Laws, §§ 280, 281; Andrews v. Pond, 13 Pet. 65, 78; Prentiss v. Savage, 13 Mass.

20, 23; *Fanning v. Consequa*, 17 Johns. 511, 518; *Thayer v. Elliott*, 16 N. H. 102, 103; and by those laws the power, although part of the same instrument, is a valid part of the contract, the statute not requiring it to be evidenced by a separate instrument; citing Rev. Stat. Ill. p. 1107 (Cothran, Ann. Ed. 1880); Puter. Pl. & Pr. (6th ed.) 822.

4. Plaintiff cannot recover, under the common and money counts, on the promise to pay, and abandon the rest of the contract, but must count specially thereon; citing *Altman v. Fowler*, 70 Mich. 57, 59; *Mattison v. Marks*, 31 Id. 421, 422; *Lansing v. McKillip*, 3 Caines, 286, 287.

*Elizabeth Eaglesfield* (*E. H. Maher*, of counsel), for plaintiff, contended:

1. The warrant of attorney to confess judgment was wholly inoperative because not contained in a separate instrument; citing How. Stat. § 7662.

2. A promise may have the effect of a note as between the immediate parties to it, and lack the requisites of a negotiable promissory note by reason of additions, etc.; citing 1 Rand. Com. Pap. § 7; and the statute applies to such a note as well as to one that is negotiable; citing *Railway Co. v. Potter*, 55 Mich. 627, 628; and promissory notes, whether negotiable or not, are admissible under the common counts, without reference to the statute; citing same case.

3. So far as the makers of notes are concerned, it has always been competent to sue them under the common counts; citing *Brown v. McHugh*, 35 Mich. 50.

4. The statement "for value received" imported a valuable consideration; citing 1 Rand. Com. Pap. § 178, and note; 1 Edw. Bills & N. § 202 (*169); and an action will lie under the common counts for a sum agreed upon as due, if based on a lawful consideration; citing *Miner v. O'Harrow*, 60 Mich. 91, 93; *Stevens v. Tuller*, 4 Id. 387, 388.

CHAMPLIN, C. J. The plaintiff brought suit against the defendant, declaring upon the common counts in *assumpsit*, and annexing thereto a copy of the following instrument in writing, and giving notice that the instrument, denominated a promissory note, would be given in evidence under the money counts, and that it constituted the plaintiff's sole cause of action, viz.:

"$720.00.                    GRAND RAPIDS, MICH.,
                                April 20th, 1888.

"Six months after date, for value received, I promise to pay to the order of the Conrad Seipp Brewing Co., Chicago, Ill., seven hundred and twenty 00-100 dollars, at their office, Chicago, Ill., with interest at 6 per cent. per annum after maturity, until paid.

"And to secure the payment of said amount I hereby authorize irrevocably any attorney of any court of record to appear for me in such court, in term-time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and usual attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment; hereby ratifying and confirming all that my said attorney may do by virtue hereof.

"No. 4,042.                    E. J. McKITTRICK."

The plea was the general issue, with notice of recoupment.

The case was tried before the court without a jury, and a written findings of fact and law filed, in which it was found that the plaintiff was a corporation, and that the defendant on the 20th day of April, 1888, made and executed for a valuable consideration the written instrument, a copy of which is given above; that by the delivery thereof to the plaintiff, which occurred on the 20th day of April aforesaid, defendant became liable to pay plaintiff $720, with interest at 6 per cent. after maturity; that plaintiff demanded payment after the money became payable, and defendant refused to pay; and that there was at the time of such finding due and unpaid to plaintiff on such written instrument, $801.60.

The judge also found at the request of defendant—

"That by the statutes of the state of Illinois it is pro-

vided that 'any person, for a debt *bona fide* due, may confess judgment by himself or attorney, duly·authorized, either in term-time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof become liens, in like manner and extent as judgments entered in term,'—as appears in the Revised Statutes of the state of Illinois for the year 1880, at page 1107, as appeared by the evidence in the case."

A bill of exceptions was settled, and is a part of the record in the case, from which it appears that when the instrument in writing signed by defendant was offered in evidence the defendant's attorneys objected to the introduction thereof, on the ground that the paper writing was not a promissory note, and was incompetent, immaterial, and irrelevant to the issue; that, if anything, it is a mere contract, irrelevant to the issue joined; and also because it was not shown that the person who executed the paper writing is the same person as the defendant,— which objections were overruled, and the instrument admitted in evidence. This ruling of the court constitutes the defendant's first assignment of error.

Defendant's counsel contend that the instrument, not being a promissory note, is not admissible in evidence under the common counts of the declaration. That the instrument is not a promissory note is settled by the decisions of this Court. *Cayuga Co. Bank v. Purdy*, 56 Mich. 6; *Altman v. Fowler*, 70 Id. 57; *Altman v. Rittershofer*, 68 Id. 287; *Wright v. Traver*, 73 Id. 493; *Second Nat'l Bank v. Wheeler*, 75 Id. 546, and other cases. In each of these cases the suit was brought by an indorsee of the instrument, and not by an original promisee named in the contract; and as to such indorsees they failed to recover upon the instrument because it was not a promissory note negotiable under the law-merchant, and the declarations upon the common counts failed to allege title in the plaintiff by assignment, the bare indorsement being

insufficient, indorsed on the back of a contract, to transfer title, or operate as an assignment of a contract.

In this case the action is brought by the party to the instrument to whom the promise is made. A copy of the instrument being set out and served with the declaration, with a notice that it constituted the plaintiff's sole cause of action, it was not necessary to offer proof of its execution by defendant, as the signature was not denied under oath. Cir. Ct. Rule No. 79. The suit was brought to recover a money demand. The promise is to pay money, and its non-payment constitutes the sole breach. In such cases a recovery may be had under the common counts, and the contract is admissible in evidence under such counts. *Pt. Huron, etc., Ry. Co. v. Potter*, 55 Mich. 627; *Miner v. O'Harrow*, 60 Id. 91; *Phippen v. Morehouse*, 50 Id. 537; *Rickey v. Morrison*, 69 Id. 139; *Thomas v. Caulkett*, 57 Id. 392.

No question is made that the consideration was not proved. The admission of value received in the contract was *prima facie* sufficient to show that the promise contained in the contract had an adequate consideration to support it.

The court was not in error in admitting the contract in evidence, and the judgment is affirmed, with costs of both courts.

The other Justices concurred.