## UNITED STATES v. NAGORNEY et al.
### No. 4239.

District Court, D. Kansas, First Division.

July 19, 1939.

S. S. Alexander, U. S. Atty., of Topeka, Kan., for plaintiff.

Frank L. Bates, of Kansas City Kan., for defendants.

HOPKINS, District Judge.

The action is on a promissory note. Defendants in answer have pleaded fraud and want of consideration. No question is raised but that the United States acquired the note in due course. The question of negotiability is the only one for present consideration. An order was entered submitting for determination in advance of trial the question, "Is the note sued upon a negotiable instrument?"

Defendants, the Nagorneys, executed the note to one J. S. Batchel for the installation of a furnace. Batchel transferred the note, and it came into the possession of the United States through the Federal Housing Administration. Defendants allege the furnace would not heat and is worthless junk.

The note, dated December 23, 1935, is in the face amount of $161.54, which sum is made payable in monthly installments of $8.98. Provisions of the note, which it is alleged destroy its negotiability (numbered herein for convenience), are as follows:

(1) "* * * On default in the payment of any installment the whole amount of this note shall then and there become due at the election of the legal holder thereof."

(2) "In the event that there shall be a default in the payment of any installment of principal, the entire amount of principal shall, at the option of the holder, immediately, without notice, become due and payable."

(3) "And to secure the payment of said amount, we * * * authorize, irrevocably, any attorney of any court of record to appear for us in such court, in term time or vacation, at any time hereafter and to confess a judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, together with costs and reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings and consent to immediate execution and that no writ of error or appeal shall be prosecuted on such judgment and to waive all right of the undersigned to have personal property last taken and sold under any execution on said judgment,

hereby waiving and releasing all rights under the exemption laws of this State; hereby ratifying and confirming all that our said attorney may do by virtue hereof."

Provisions of the note set out in paragraphs numbered (1) and (2) above, which accelerate the due date of the note at the option of the holder upon default in payment of any installment, defendants insist render the note uncertain in time.

■■ Kansas law is controlling here, and the statutes of the state provide:

"An instrument to be negotiable must conform to the following requirements: * * * (3) must be payable on demand, or at a fixed or determinable future time. * * *"

"An instrument is payable at a determinable future time, within the meaning of this act, which is expressed to be payable: (1) At a fixed period after date or sight; or (2) on or before a fixed or determinable future time specified therein; or (3) on or at a fixed period after the occurrence of a specified event which is certain to happen, though the time of happening be uncertain. An instrument payable upon a contingency, is not negotiable, and the happening of the event does not cure the defect." G.S. 52-201, 52-204.

Defendants argue that the option or election in the holder of the note to declare the entire amount due upon any default is a "contingency" as used in the last sentence of the statute. The question, however, appears to be settled by the decisions.

In Clark v. Skeen, 61 Kan. 526, 60 P. 327, 49 L.R.A. 190, 78 Am.St.Rep. 337, opinion by Judge Johnston, it is said: "The negotiability of the paper appears to have been challenged on two grounds, and the first is that it contains a stipulation that upon default in the payment of interest the whole amount shall become due, and then draw a greater rate of interest. Stipulations like these are not inconsistent with negotiability. According to · mercantile law, negotiable paper is required to be certain as to time and amount, but the note in question, as will be observed, fixes a certain time for payment, and the fact that it may become due at an earlier time depends upon the maker himself."

In Commerce Trust Co. v. Trust Co., 113 Kan. 311, 214 P. 610, the syllabus reads: "A coupon bond secured by mortgage contained the following stipulation: 'If any interest coupon or any part thereof is not paid when due or in case of failure to comply with any of the requirements of the mortgage given by the maker hereof to secure the payment of this bond the principal and accrued interest shall become due and payable at once at the option of the legal holder of this bond.' Held, the language did not render the instrument nonnegotiable with the meaning of the Negotiable Instruments Law."

In 8 C.J. 139, the general rule is stated to the same effect, as follows: "A provision in a note that the whole shall be due, either absolutely or at the option of the holder, on default in the payment of any installment, or in the payment of the interest, does not affect its negotiability."

It is next argued that the provisions of the note contained in paragraph (3) above relative to confession of judgment, assessment of costs and attorney's fees, waiver of exemption rights, etc., destroy negotiability.

■ The confession of judgment is discussed hereinafter. The other features are concluded by the state statute and decisions. The statute, G.S. 52-205, reads: "* * * The negotiable character of an instrument otherwise negotiable is not affected by a provision which: * * * (2) authorizes a confession of judgment if the instrument be not paid at maturity; or (3) waives the benefit of any law intended for the advantage or protection of the obligor * * *."

The provision for attorney's fees is not fatal to negotiability. In Leach v. Urschel, 112 Kan. 629, 632, 212 P. 111, 113, it was said: "And as to the promise to pay an attorney's fee, that part of the stipulation is wholly void * * * but such a recital does not destroy the negotiability of a promissory note."

A point of more importance is presented by that portion of paragraph (3) above which authorizes any attorney to appear in court "at any time hereafter and confess judgment * * * for such amount as may appear to be unpaid thereon." The statute, it will be noted, says that a provision in a note for confession of judgment if the note "be not paid at maturity" shall not affect negotiability. But here, the authority to confess judgment is not conditioned upon maturity of the note, but the note says "at any time hereafter" judgment may be confessed "for such amount as may appear to be unpaid."

Treating the point, in 8 C.J. 128, it is said that such statutory provisions do not apply to stipulations for confession of judgment "prior" to maturity. An early Pennsylvania case is cited. Cases cited by defendants on this point are early cases and prior to the general enactment of state statutes on negotiable instruments. Defendants' cases, Richards v. Barlow, 140 Mass. 218, 6 N.E. 68; Wisconsin Yearly Meeting of Freewill Baptist v. Babler, 115 Wis. 289, 91 N.W. 678; Edilen v. First Nat. Bank, 139 Md. 422, 115 A. 602, 608; Conrad Seipp Brewing Co. v. McKittrick, 86 Mich. 191, 48 N.W. 1086, hold in substance that the notes in question were not negotiable because judgment could be confessed and execution had thereon at any time before or after maturity, at the discretion of the holder.

More recent decisions, however, appear to hold that a provision in a note similar to the one under discussion, authorizing confession of judgment at any time for the amount unpaid, will be interpreted only as authorizing such judgment for the amount then due. Such construction is consistent with the import of the instrument when considered from its four corners. The note in suit here provides for eighteen monthly payments, and consideration has already been given to a provision of the note, and that provision upheld, under which the entire amount matures, becomes due, upon default in the payment of any installment. Construing the instrument as a whole, it would seem that the provisions for confession of judgment "at any time hereafter" and "for the amount unpaid" must be limited by the other provisions of the note fixing definite dates of payment and providing for the acceleration of those dates upon default in making any payment. For instance, the case of Conrad Seipp Brewing Co. v. McKittrick, 86 Mich. 191, 48 N.W. 1086, relied upon by defendant, was cited, commented upon, but not followed in a later decision by the Michigan court. In the case of Jones v. Turner, 249 Mich. 403, 228 N.W. 796, 797, decided in 1930, the court held that a provision for the confession of a judgment "at any time hereafter * * * for such amount as may appear to be unpaid thereon"—language identical to that here under consideration —did not destroy negotiability of the note. The court on this point merely said: "The negotiable character of an instrument

otherwise negotiable is not affected by a provision which authorizes a confession of judgment if the instrument is not paid at maturity."

In a discussion of this question in 30 Michigan Law Review 297, the two Michigan cases discussed above are commented upon as follows: "In 1891, the Supreme Court of Michigan held that the words 'for such amount as may appear to be unpaid thereon' authorized confession of judgment at any time and the note was nonnegotiable. Conrad Seipp Brewing Co. v. McKittrick, 86 Mich. 191, 48 N.W. 1086. In 1930 that same court held an instrument employing the same identical words negotiable. Jones v. Turner, 249 Mich. 403, 228 N.W. 796. Since the Negotiable Instruments Law intervened, the court must have considered these words to authorize entry of judgment only after maturity."

Both sides of the question here involved are discussed at length and both views are supported by numerous authorities in notes on the subject in 117 A.L.R., pp. 673–678; Uniform Laws Ann., V. 5, p. 75; and Ogden Negotiable Instruments, pp. 86–87. In all these discussions the late Michigan case of Jones v. Turner, supra, is cited in support of the view that negotiability is not affected by a stipulation for confession of judgment such as we have here.

On the other hand, the notes mentioned contain a greater number of cases, largely of an early date, which hold that the provision here involved destroys negotiability.

In Ogden Negotiable Instruments, page 86, the question is explained as follows: "Courts have differed as to the effect of a confession of judgment injected into a promissory note. Before the Negotiable Instruments Law, the courts holding the paper nonnegotiable relied on two grounds. Namely: (1) The provision was 'luggage' beyond that permitted in a negotiable instrument, and (2) the time of maturity was thereby made uncertain * * * but since the enactment of the Negotiable Instruments Law, instruments authorizing a confession of judgment are negotiable only where the entry is to be at or after maturity."

If the note in suit is to be considered a negotiable instrument, that view can only result from a process of judicial interpretation. The words authorizing confession of judgment "at any time" for the sum

"appearing to be unpaid" must be interpreted in the light of the other provisions of the note, and held to authorize such judgment only after default in payment of one of the installments when due. Such an interpretation is not unreasonable. The note in A.L.R., for instance, cites the case of Beard v. Baxter, 258 Ill.App. 340, wherein it was held that a note containing a power of attorney to confess judgment either before or after maturity is negotiable. Such an interpretation is consistent also with the general rule that any and all contracts are to be interpreted as a whole and inconsistent provisions harmonized.

I am of opinion the note in suit is a negotiable instrument, and the issue of law submitted for determination must be and is determined in favor of the plaintiff.