## DUNCAN v. BASKIN.

1. BILLS AND NOTES—CHECKS—WARRANTIES NOT IMPLIED.

No warranty that a check will be honored on presentment is implied.

2. SAME—DISHONOR—DRAWER OF CHECK WILL PAY.

The drawer of a check engages that upon dishonor and any necessary notice of dishonor or protest he will pay the amount of the check (PA 1962, No 174, § 3413).

3. ASSUMPSIT—COMMON COUNTS.

Recovery may not be had under the common counts for breach of a written agreement.

4. BILLS AND NOTES—DISHONOR—RIGHT OF RECOURSE.

Upon dishonor, and subject to notice of dishonor or protest, the holder of a check has an immediate right of recourse against the drawer (PA 1962, No 174, § 3507).

5. SAME—PRODUCTION OF CHECK—RECOVERY BY BROKER.

Production of checks entitled broker to recover on them without submitting further proof of damages, subject to whatever proper defenses defendant drawers might raise.

6. SAME—CHECKS—EVIDENCE OF PROMISE TO PAY—COMMON COUNTS.

Checks are evidence of a promise to pay a sum certain in money and when the consideration for the promise is shown recovery may be had under the common counts.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Bills and Notes § 1223.
[2] 11 Am Jur 2d, Bills and Notes §§ 589, 592.
[3] 12 Am Jur 2d, Bills and Notes § 1020.
[4] 11 Am Jur 2d, Bills and Notes §§ 589, 591.
[5] 11 Am Jur 2d, Bills and Notes §§ 589, 591; 12 Am Jur 2d, Bills and Notes § 1325.
[6] 11 Am Jur 2d, Bills and Notes §§ 16, 589, 591.

Appeal from Common Pleas Court of Detroit; Connolly (William F.), J. Submitted Division 1 May 4, 1967, at Detroit. (Docket No. 2,863.) Decided November 30, 1967.

Action by John W. and Carol A. Duncan and Frank & Grossman, Inc., a Michigan corporation, against Sidney and Geraldine Baskin to recover damages for breach of contract. At the close of plaintiffs' proofs defendants moved to dismiss. Motion granted. Plaintiffs appeal. Judgment set aside and cause remanded with instructions.

*Rosin & Kobel,* for plaintiffs.

*Cooper, Baskin & Feldstein,* for defendants.

T. G. KAVANAGH, J. Plaintiffs Duncan executed a listing agreement authorizing plaintiff Frank & Grossman, a licensed real estate broker, to arrange a sale of their home, in which case a 6% commission would be paid the broker. Thereafter the broker procured from defendants a signed offer to purchase under the terms of which defendants were to make a deposit of $5,000—$1,000 to be paid immediately and the balance upon acceptance of the offer by the seller. The Duncans signed their acceptance on the offer to purchase and on the same day defendants delivered to the broker 2 checks in the amounts of $1,000 and $4,000 respectively. Three days later defendants stopped payment on the checks and have declined to consummate the transaction.

Paragraph 3 of the offer to purchase, signed by all the parties, provides that in the event of default by the purchasers the sellers may elect to enforce the terms of the agreement or declare a forfeiture

and retain the deposit as liquidated damages. It is provided on the listing agreement between the Duncans and the broker, and on the offer to purchase, that if a forfeiture is declared the broker will receive one-half the deposit.

Plaintiffs instituted suit in common pleas court in Detroit on three counts:

1. Assumpsit for breach of the implied representation that the checks would not be dishonored on presentment.

2. Trespass on the case for breach of warranty that the checks would be honored upon presentment.

3. Assumpsit on the common counts.

At the close of plaintiffs' proofs defendants made a motion to dismiss which was granted on the ground that no damages had been proved. Plaintiffs assert in this Court that they established a prima facie case in the court below and thus contend that it was reversible error to grant the motion to dismiss.

With respect to counts 1 and 2 the motion to dismiss was properly granted as no express warranties or representations were made that the checks would be honored upon presentment, and none are implied. The drawer of a check engages that upon dishonor and any necessary notice of dishonor or protest he will pay the amount of the check, PA 1962, No 174, § 3413 (CL 1948, § 440.3413 [Stat Ann 1964 Rev § 19.3413]), but there is no statutory provision for the implied representation and warranty alleged by plaintiff in his declaration.

With respect to count 3, however, we think that the dismissal was proper only as to plaintiffs Duncan. The only rights which they had to assert were under the written agreement, and recovery may not be had under the common counts for breach of a written agreement.. *Mitchell* v. *Reolds Farms Co.* (1934), 268 Mich 301. It was improper to grant the

motion to dismiss as to plaintiff broker because upon dishonor, and subject to any notice of dishonor or protest, the holder of a check has an immediate right of recourse against the drawer. PA 1962, No 174, § 3507 (CL 1948, § 440.3507 [Stat Ann 1964 Rev § 19.3507]). Production of the checks entitled the broker to recover on them without submitting further proof of damages, PA 1962, No 174, § 3419 (CL 1948, § 440.3419 [Stat Ann 1964 Rev § 19.3419]), subject to whatever proper defenses defendants raise. The checks are evidence of a promise to pay a sum certain in money and the consideration for that promise was shown. That being the case recovery may properly be had under the common counts. *Conrad Seipp Brewing Co.* v. *McKittrich* (1891), 86 Mich 191 and *Port Huron & Southwestern R. Co.* v. *Potter* (1885), 55 Mich 627.

In view of the foregoing the judgment is set aside and the cause remanded with instructions to the trial court to reinstate plaintiff broker's cause of action and to proceed to hear proof of any defenses advanced by defendants. Appellant broker may tax costs.

J. H. GILLIS, P. J., and WEIPERT, J., concurred.