JONES v. TURNER.

1. BILLS AND NOTES—NEGOTIABILITY NOT DESTROYED BY AUTHORIZATION TO CONFESS JUDGMENT.

   Under 2 Comp. Laws 1915, § 6046, a clause in a note authorizing an attorney to confess judgment does not destroy the negotiability of the note.

2. SAME—VALIDITY GOVERNED BY LAW OF STATE WHERE MADE.

   The validity of a note is governed by the law of the State where it is made.

3. JUDGMENT—CONFESSION OF JUDGMENT NOT RECOGNIZED WHERE STATUTORY REQUIREMENTS NOT MET.

   Where authority for confessing judgment on a note executed in Michigan was not in a proper instrument distinct from that containing evidence of demand for which judgment was confessed, as required by 3 Comp. Laws 1915, § 12793, judgment rendered in foreign State on such authorization will not be recognized in Michigan.

4. BILLS AND NOTES—BONA FIDE HOLDER—BURDEN OF PROOF.

   In action by holder of note void as against the maker for want of consideration, the burden of proof is on plaintiff to show he is bona fide holder for value without notice of infirmity.

As to effect in other states of judgment confessed on warrant of attorney, see annotation in 3 L. R. A. (N. S.) 449.

On law governing warrant of attorney to confess judgment, see annotation in 38 L. R. A. (N. S.) 814.

On right of one who accepts negotiable instrument upon an account of individual indebtedness of, or transaction with a partner, see annotation in 50 A. L. R. 435.

5. SAME—ABBREVIATION "CO." INDICATES MORE THAN ONE PERSON.
   The abbreviation "Co.," when added to or used as part of indorsement on a note, indicates the indorsement is of more than one person, since it is a well-understood abbreviation for the word "company."

6. PARTNERSHIP—PRESUMPTIONS.
   The presumption is that an individual member of a company has no right to use company property to pay his individual debts.

7. SAME—CREDITOR ACCEPTING COMPANY PROPERTY TO PAY INDIVIDUAL'S DEBT ACTS IN BAD FAITH.
   A creditor who accepts a note payable to a company on indorsement of company made by an individual member in payment of his individual debt will be deemed to have acted in bad faith and in fraud of the company.

8. SAME—TRANSFER OR INDORSEMENT OF COMPANY NOTE BY INDIVIDUAL NOT BINDING UNLESS AUTHORIZED.
   Neither the transfer of a company note by an individual member nor the indorsement thereof by such member is binding on the company without proof of actual authority or ratification.

9. EXECUTORS AND ADMINISTRATORS—ASSETS OF DECEASED CONSTITUTE TRUST FUND FOR CREDITORS.
   The assets of a deceased person located in this State constitute a trust fund for the payment of creditors of deceased therein, regardless of the domicile of deceased.

10. SAME—FOREIGN ADMINISTRATOR MAY NOT SUE IN THIS STATE.
    Appointment of administrator by foreign court has no extraterritorial force, so that an administrator appointed by Illinois court cannot, as such administrator, maintain suit in this State.

Error to Van Buren; Warner (Glenn E.), J. Submitted October 15, 1929. (Docket No. 85, Calendar No. 34,483.) Decided January 24, 1930.

Assumpsit by William A. Jones, administrator of the estate of Thomas A. Jones, deceased, against Dea H. Turner on a foreign judgment, and on a promissory note. Upon verdict for defendant, judg-

ment *non obstante veredicto* for plaintiff was rendered. Defendant brings error. Reversed, and judgment ordered entered for defendant.

*David Anderson,* for plaintiff.

*W. J. Barnard,* for defendant.

POTTER, J.   May 9, 1928, defendant gave to C. E. Ammann Co. his 90-day promissory note for $1,000. The note was made and executed in Michigan. C. E. Ammann personally owed Thomas A. Jones, now deceased. Plaintiff sues as administrator of the estate of Thomas A. Jones, deceased. Ammann was unable to discharge his personal indebtedness, and plaintiff instituted suit against him, recovered judgment, and filed a creditor's bill in Illinois, whereupon C. E. Ammann and wife made and executed a real estate mortgage to plaintiff which is in process of foreclosure, and C. E. Ammann indorsed and delivered to plaintiff defendant's note in question. Both the real estate mortgage and defendant's note were accepted by plaintiff as collateral security for the payment of C. E. Ammann's personal indebtedness to plaintiff as administrator. The note was given by defendant for Arizona land which was to be deeded to defendant within 60 days. The land was not deeded. The consideration for the note failed. There was a power of attorney in the note as follows:

"To secure the payment of said amount, I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court in term time or vacation, at any time hereafter and confess a judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, together with costs and attorneys'

twenty-five dollars fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that the said attorney may do by virtue hereof.''

Suit was instituted in Illinois by plaintiff on this note and judgment taken against defendant. Suit was then brought in this State by plaintiff against defendant, and plaintiff counted in his declaration in separate counts on the Illinois judgment and on the note. Defendant pleaded the general issue and gave notice the judgment sued upon was not one entitled to full faith and credit under the Constitution of the United States and the Constitution of this State; the note was given without consideration; the consideration for said note had failed, plaintiff was not a *bona fide* holder for value of the note, and the judgment was not such a judgment as would be recognized by the laws of Michigan. There was verdict for defendant, but the court rendered judgment for the plaintiff *non obstante,* and defendant brings error.

The clause of the note above quoted authorizing an attorney to confess judgment does not destroy the negotiability of the note. The negotiable character of an instrument otherwise negotiable is not affected by a provision which authorizes a confession of judgment if the instrument is not paid at maturity. 2 Comp. Laws 1915, § 6046. Though such provision does not affect the negotiability of the note, it does not compel the courts of this State to recognize as valid judgments of the courts of foreign States rendered without personal service or appearance within such foreign jurisdiction on contracts made and executed in Michigan.

In *First National Bank* v. *Garland,* 109 Mich. 515 (33 L. R. A. 83, 63 Am. St. Rep. 597), suit was

brought in this State on an Ohio judgment rendered in pursuance of a power of attorney similar to that here involved. The contract embodying the warrant of attorney had been made and executed in Ohio, and judgment had been rendered thereon in Ohio, and this court held the warrant of attorney was such as to confer the necessary jurisdiction upon the Ohio court and the judgment one entitled to full faith and credit by the courts of this State.

In this case the note was made and executed in Michigan. Its validity is governed by the law of the State where it was made. A judgment was taken thereon in Illinois without personal service on defendant or his appearance in person or by attorney, except in pursuance of the power of attorney contained in the note. The authority for confessing judgment was not in a proper instrument distinct from that containing the contract or other evidence of the demand for which such judgment was confessed as required by statute. 3 Comp. Laws 1915, § 12793.

Such judgment will not be recognized by the courts of this State. *Acme Food Company* v. *Kirsch,* 166 Mich. 433 (38 L. R. A. [N. S.] 814). The Illinois judgment rendered upon the note in question being invalid, was plaintiff entitled to recover on the note? The note was without consideration and void as between the original parties thereto. The burden of proof was upon plaintiff to show he was a *bona fide* holder for value without notice of infirmities which might affect defendant's liability thereon. Defendant claims not only that plaintiff has not discharged this burden but the testimony shows plaintiff took the note with knowledge of its invalidity and is hence not a *bona fide* holder for value. The note was given to C. E. Ammann Co. The abbreviation "Co." when added to the name C. E. Ammann constitutes a

well-understood abbreviation for the word "company." *Keith* v. *Sturges*, 51 Ill. 142. The abbreviation "Co." when added to or used as a part of the indorsement indicates the indorsement is of more than one person, whether copartnership, corporation, or otherwise. The note in question given to C. E. Ammann Co. indicates the note was given to more than one person. This note was not given to C. E. Ammann personally. It was given to C. E. Ammann Co. There is no presumption that an individual member of a company has a right to use the company property to pay his individual debts. The presumption is otherwise. One who accepts company property in payment of the individual indebtedness of a member of the company knows that *prima facie* the individual so disposing of the company property is perpetrating a fraud upon the company, and the creditor who accepts company property on the indorsement of the company made by an individual in payment of his individual debt will be deemed to have acted in bad faith and in fraud of the company. *Mechanics' Bank* v. *Barnes,* 86 Mich. 632; *Childs* v. *Pellett,* 102 Mich. 558; *McIntosh* v. *Detroit Savings Bank,* 247 Mich. 10.

Neither the transfer of the note of C. E. Ammann Co. by C. E. Ammann nor the indorsement thereof by C. E. Ammann was binding on the C. E. Ammann Co. without proof of actual authority or ratification. There was no such proof.

Plaintiff was appointed administrator of his father's estate by a probate court in Illinois. No ancillary administration of that estate was had in Michigan.

The assets of a deceased person located in this State constitute a trust fund for the payment of the creditors of the deceased therein, regardless of the

domicile of deceased. *In re Colburn's Estate,* 153 Mich. 206 (126 Am. St. Rep. 479, 18 L. R. A. [N. S.] 149) ; *In re Stevens' Estate,* 171 Mich. 486.

The appointment of plaintiff as administrator by the court of Illinois has no extraterritorial force. As a foreign administrator he has no control over or interest in the real or personal estate of the intestate in this State. *Thayer* v. *Lane,* Walk. Ch. 200.

His grant of administration by the court of Illinois is strictly confined in authority and operation to the limits of the territory of the State granting it. It cannot confer, as a matter of right, any authority to collect the assets of the deceased in any other State. *Reynolds* v. *McMullen,* 55 Mich. 568 (54 Am. Rep. 386).

Plaintiff cannot, as such administrator, maintain this suit against defendant.

"It is well settled that, unless such right is given to him by statute, an executor or administrator cannot sue in his representative capacity in any State or country other than that in which his letters testamentary or administration were granted." 24 C. J. p. 1129.

No Michigan statute gives a foreign executor or administrator the right to sue in the courts of this State in a case like the present. The trial court was without jurisdiction to render a valid judgment in favor of plaintiff as administrator. Being without jurisdiction, the judgment of the trial court is void. Judgment reversed, with costs. The case will be remanded, with directions to enter judgment on the verdict.

WIEST, C. J., and CLARK, SHARPE, and FEAD, JJ., concurred. BUTZEL and NORTH, JJ., concurred in the result. McDONALD, J., took no part in this decision.