ROBERT J. WIENER, as Administrator of the Estate of PATRICIA A. WIENER, Deceased, Respondent, *v.* SPECIFIC PHARMACEUTICALS, INC., Appellant.

Submitted December 2, 1948; decided January 13, 1949.

*Sidney H. Levin* for appellant. I. Plaintiff, an administrator appointed by the Probate Court of Michigan, does not have legal capacity to sue in the courts of New York. (*Helme* v. *Buckelew*, 229 N. Y. 363; *Wikoff* v. *Hirschel*, 258 N. Y. 28; *Baldwin* v. *Powell*, 294 N. Y. 130, 840; *Maysville St. R. R. & Transfer Co.* v. *Marvin*, 59 F. 91; *Lichtenstern* v. *Augusta-Aiken Ry. Corp.*, 165 App. Div. 270; *Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Slater* v. *Mexican Nat. R. R. Co.*, 194 U. S. 120; *Moore* v. *Mitchell*, 281 U. S. 18; *Furst* v. *Fargason Co.*, 287 F. 306; *Aleksiak* v. *Lehigh Valley R. R. Co.*, 245 App. Div. 722; *Hopper* v. *Hopper*, 125 N. Y. 400; *Cooper* v. *American Airlines, Inc.*, 57 F. Supp. 329.) II. Plaintiff, under the provisions of the Michigan statute, sues on behalf of the estate generally and not as trustee. (*Baldwin* v. *Powell*, 294 N. Y. 130.)

*Woodrow J. Sandler* for respondent. I. A foreign administrator in a wrongful death action may sue in our courts as statutory trustee without obtaining ancillary letters. (*Cooper* v. *American Airlines, Inc.*, 149 F. 2d 355; *Graham* v. *Douglas Aircraft Co.*, 188 Misc. 1043; *Pearson* v. *Norfolk & Western Ry Co.*, 286 F. 429; *Wilson* v. *Tootle*, 55 F. 211; *Dematti* v. *Missouri-Kansas*, 345 Mo. 1136; *Kerr* v. *Basham*, 62 S. D. 300; *Ghilain* v. *Couture*, 84 N. H. 48; *Knight* v. *Moline, E. M. & W. Ry. Co.*, 160 Iowa 160; *Connor* v. *N. Y., N. H. & H. R. R. Co.*, 28 R. I. 560; *Boulden* v. *Pennsylvania R. R. Co.*, 205 Pa. 264.) II. Plaintiff is a statutory trustee under Michigan law. The proceeds of any recovery belong to the next of kin and in no event are they subject to claims of creditors of the estate of the deceased. (*Matter of Venneman*, 286 Mich. 368; Michigan Judicature Act, ch. 266,

§ 27.712; 23 Mich. Stats. Ann., § 27.3178 [185], subds. [4], [6]; *Baldwin* v. *Powell,* 294 N. Y. 130; *Davis* v. *New York Central & Hudson Riv. R. R. Co.,* 233 N. Y. 242; *Rufner* v. *City of Traverse City,* 296 Mich. 204.) III. Since creditors' rights are not involved, the general rule requiring ancillary administration in this State does not apply. (*Toronto Gen. Trust Co.* v. *Chicago, Burlington & Quincy R. R. Co.,* 123 N. Y. 37; *Petersen* v. *Chemical Bank,* 32 N. Y. 21; *Parsons* v. *Lyman,* 20 N. Y. 103; *Doolittle* v. *Lewis,* 7 Johns. Ch. 45; *Taylor* v. *Syme,* 162 N. Y. 513; *Hastings* v. *Byllesby & Co.,* 286 N. Y. 468; *Shipman* v. *Treadwell,* 200 N. Y. 472; *Stone* v. *Penn Yan, Keuka Park & Branchport Ry.,* 197 N. Y. 279; *Howarth* v. *Angle,* 162 N. Y. 179; *Stoddard* v. *Lum,* 159 N. Y. 265; *Matter of Waite,* 99 N. Y. 433; *Dayton* v. *Borst,* 31 N. Y. 435.)

Fuld, J. Patricia Ann Wiener, then five years old, died in 1945, in Detroit, Michigan, where she had lived with her parents, her only next of kin. Her father was appointed administrator by a Michigan court and some time later, in January, 1948, brought this action to recover damages for the infant's wrongful death, allegedly occasioned by one of defendant's pharmaceutical products which had been administered to the child.

Defendant's motion to dismiss the complaint on the ground that plaintiff lacked standing to sue in our courts was denied by the court at Special Term, and its order was unanimously affirmed by the Appellate Division. The latter court, in granting leave to appeal, certified this question of law: " Is plaintiff, an administrator appointed by the Probate Court of Wayne County, State of Michigan, pursuant to the Michigan Death Statute, possessed of capacity to sue in the New York courts to recover damages for the death of a decedent in the State of Michigan? "

It is settled that as a general rule a foreign administrator may not sue in the courts of this State without first obtaining ancillary letters. (See *Helme* v. *Buckelew,* 229 N. Y. 363, 365; *Wikoff* v. *Hirschel,* 258 N. Y. 28, 31; *Baldwin* v. *Powell,* 294 N. Y. 130, 133.) Plaintiff, however, maintains that there is an exception to the general rule. He argues that, if an administrator is a statutory trustee, he may sue without ancillary letters.

Before considering whether such an exception exists, it is, of course, necessary to determine first whether plaintiff occupies such a status. The underlying principle is clear. An administrator is " a special statutory trustee " if so constituted by the law of the place where the wrong causing death occurred. (See *Baldwin* v. *Powell, supra,* at p. 134.) And he is to be regarded as such a trustee, we said in the *Baldwin* case, if the wrongful death statute of the foreign jurisdiction authorizes him to sue " for the benefit of a designated person or group of persons ".

Accordingly, we turn to the law of Michigan. Its wrongful death statute provides, in part, that whenever the death of a person is occasioned by " wrongful act, neglect or default " for which the deceased could have recovered had he lived, an action may be maintained and shall be brought by and in the names of " the personal representatives of such deceased person ". Damages may be given " with reference to the pecuniary injury resulting from such death, to those persons who may be entitled to such damages when recovered and also damages for the reasonable medical, hospital, funeral and burial expenses for which the estate is liable and reasonable compensation for the pain and suffering, while conscious, undergone by such deceased person " during the time intervening between the infliction of injury and his death. It is then explicitly recited that the " amount recovered in every such action for pecuniary injury resulting from such death shall be distributed to the surviving spouse and next of kin who suffered such pecuniary injury ". (20 Mich. Stats. Ann., §§ 27.711, 27.712.) And the companion statute, governing the distribution of the amount recovered (23 Mich. Stats. Ann., § 27.3178), specifies the procedure to be followed by the Probate Court in dividing the avails; in part, it declares that, although provision may be made for the payment of funeral expenses, " such proceeds shall not be liable for the payment of any other charges against the estate of the decedent " (23 Mich. Stats. Ann., § 27.3178[185], subd. [6]).

In the present case, the complaint contains no allegation of pain or suffering on the part of the child and they are not alleged as items of damage or as bases for recovery; accordingly, we disregard the effect, if any, which the inclusion of

such a claim may have upon our decision in another case. We likewise put aside as immaterial plaintiff's claim for medical and funeral expenses, since such a claim is simply for administrative charges arising out of the wrongful death and not for the benefit of the general estate. (See, e.g., *Davis* v. *New York Central & Hudson Riv. R. R. Co.*, 233 N. Y. 242.) The only operative item is the claim for "pecuniary injury resulting" from the infant's death. That item, the Michigan cases as well as its statutes make clear, is referable exclusively to the loss suffered by the spouse and the next of kin. (See *Baker* v. *Slack*, 319 Mich. 703, 710–711; *Matter of Olney*, 309 Mich. 65, 80; *Matter of Venneman*, 286 Mich. 368, 378; see, also, *Baldwin* v. *Powell, supra*, p. 134; *Davis* v. *New York Central & Hudson Riv. R. R. Co., supra*, p. 246.) In calculating the pecuniary injury resulting from wrongful death, the only factor to be considered, the Michigan court has ruled, is whether there were persons of the specified class occupying a position entitling them to look to the decedent for support, maintenance or services. Such persons, and only such persons, are to receive the amount recovered for "pecuniary injury". In other words, since such an award does not represent money to which the deceased himself would have been entitled had he survived, it is not an item of damage to which his general estate may lay claim.

Further and conclusive confirmation is at hand. Not only does the wrongful death statute provide that the amount recovered for such pecuniary injury "shall be distributed to the surviving spouse and next of kin" (20 Mich. Stats. Ann., § 27.712), but, as noted, its companion distribution statute prescribes that, funeral expenses excepted, "such proceeds shall not be liable for the payment of any other charges against the estate of the decedent" (23 Mich. Stats. Ann., § 27.3178[185] subd. [6]).

There can be no doubt, considering all this, that the damages allowable in Michigan for a pecuniary injury resulting from wrongful death are referable solely to the loss suffered by the persons designated. That being so, the amount of recovery is held subject to a special trust, and the administrator seeking such recovery is, by the same token, a statutory trustee.

We come, then, to an important question — hitherto expressly left open by this court (*Baldwin* v. *Powell, supra*, p. 134; *Wikoff* v. *Hirschel, supra*, pp. 31–32) — as to whether a foreign administrator, suing as special statutory trustee to recover damages for wrongful death, has the legal capacity to maintain such a suit in our courts.

It has been repeatedly observed that the reason for insisting that a foreign administrator obtain ancillary letters before suing in another State is to assure that the decedent's domestic creditors shall have their claims paid out of any fund recovered for the benefit of the debtor's estate. (See, e.g., *Taylor* v. *Syme*, 162 N. Y. 513, 518; *Toronto Gen. Trust Co.* v. *Chicago, Burlington & Quincy R. R. Co.*, 123 N. Y. 37, 46–47; *Ghilain* v. *Couture*, 84 N. H. 48, 52; *Boulden* v. *Pennsylvania R. R. Co.*, 205 Pa. 264.) In the *Toronto* case (*supra*) for instance, this court declared, " The courts will not lend their aid to [foreign administrators] in the removal of the assets from this state to the possible prejudice of domestic creditors " (123 N. Y. at pp. 46–47), and in the *Ghilain* case (*supra*) the rule was said to be " based *solely* upon the policy of the courts of each state to protect resident creditors of the decedent against the withdrawal into another state of assets on which they may equitably rely for the payment of the debts that may be due them." (84 N. H. at p. 52; italics supplied.)

The point need not be further labored. The rule barring foreign administrators from our courts is just and reasonable *only* if applied in cases, first, where there are domestic creditors, and, second, where the foreign administrator sues to recover a fund in which such creditors may share. Obviously, no prejudice threatens local creditors of the decedent if the wrongful death statute makes no provision for recovery on behalf of the general estate and, in fact, bars creditors' claims against the proceeds. Suing under such a statute, plaintiff acts, not as an officer of the foreign court appointed by it as. *alter ego* for the estate, but as a trustee for the designated beneficiaries, the actual and real parties in interest. In such a case, the amount recovered truly constitutes a special fund for their exclusive benefit, and, since it is not subject to the claims of others, no danger exists that failure to require local qualification may harm or prejudice domestic creditors. With the

primary and, perhaps, only reason for the rule thus removed, the rule itself has no sensible application and should not be invoked in this class of case.

For that reason, we conclude, as have the courts of a number of other jurisdictions, that a foreign administrator, suing as statutory trustee, has standing to maintain a wrongful death action in this State upon the strength of his orginal letters. (See, e.g., *Cooper* v. *American Airlines*, 149 F. 2d 355; *Pearson* v. *Norfolk & Western Ry. Co.*, 286 F. 429; *Reilly* v. *Pepe Co.*, 108 *Conn.* 436; *Knight* v. *Moline, East Moline & Watertown Ry. Co.*, 160 Iowa 160, 168; *Demattei* v. *Missouri-Kansas-Texas R. R. Co.*, 345 Mo. 1136, 1140; *Ghilain* v. *Couture*, 84 N. H. 48, *supra; Boulden* v. *Pennsylvania R. R. Co.*, 205 Pa. 264, *supra; Connor* v. *New York, New Haven & Hartford R. R. Co.*, 28 R. I. 560; see, also, Goodrich on Conflict of Laws [2d ed.], pp. 254–255; Restatement, Conflict of Laws, § 467, comment, p. 567; 8 R. C. L., Death, § 48, p. 765.)

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Order affirmed, etc.