## SIVERLING v. LEE.

Civ. No. 8049.

United States District Court
E. D. Michigan, S. D.

May 10, 1950.

Francis J. Kelly, Detroit, Mich., for plaintiff.

John Feikens, Knight, Snider & Feikens, Ward & Plunkett, Detroit, Mich., for defendant.

LEVIN, District Judge.

The Court has before it a motion to dismiss the complaint of the plaintiff, a non-

resident of Michigan, the Administrator of the Estate of one Howard C. Baum, deceased, appointed by the Probate Court for the County of Ashland, Ohio, on the ground that he does not have the capacity to bring this action under the Michigan statutes.

Sec. 27.3178(278) of the Michigan Statutes Annotated, Comp.Laws 1948, § 704.27, provides: "It is hereby declared to be the public policy of this state to require that all persons acting in a representative capacity under appointment of a probate court, as fiduciary, shall at all times be amenable to process issued out of the courts of this state, and to that end no person shall hereafter be deemed suitable and competent to act as a fiduciary, who is not a resident of this state and a citizen of the United States * * *."

Plaintiff brings this action under the Michigan Death Statute, Mich.Stat.Ann. § 27.711, Comp.Laws 1948, § 691.581, on behalf of the widow and daughter of the decedent who was fatally injured in an automobile accident in the State of Michigan as a result of the alleged negligence of the defendant, a resident of the State of Michigan. Plaintiff seeks pecuniary damages for the loss of support and sustenance for the beneficiaries, expenses incurred for medical, hospital and funeral bills, and compensation for pain and suffering of the decedent prior to his death.

■ The Michigan statute requiring persons acting in a representative capacity to be a resident of the State is declaratory of the familiar common law rule that executors and administrators shall at all times be amenable to the process issued out of the courts of the appointing state for the protection of local creditors having claims against the estate of the decedent. Jones v. Turner, 249 Mich. 403, 228 N.W. 796. It is the plaintiff's position, however, that he is suing as a statutory trustee for the benefit of designated beneficiaries, deriving his authority to do so from the Michigan Death Statute creating the cause of action and not by virtue of his appointment as administrator on a cause of action belonging to the decedent.

■ Liability for tort is determined by the law of the place of injury, and the Michigan Death Statute is, accordingly, controlling. Restatement, Conflict of Laws, Secs. 378, 379. Summar v. Besser Manufacturing Co., 310 Mich. 347, 17 N.W.2d 209. The Michigan Death Statute as amended in 1939 is now the only act under which an action may be brought in Michigan for death, or injuries resulting in death, caused by the negligence of another and recovery is limited to those persons entitled to support from the decedent. Zolton v. Rotter, 321 Mich. 1, 32 N.W.2d 30.

Prior to the 1939 amendment, recovery for wrongful death could have been brought either under the Death Act, Mich. Stat.Ann. 27.711, Comp.Laws 1948, § 691.-581, or the Survival Statute, Mich.Stat. Ann. 27.684, Comp.Laws 1948, § 612.32. Under these statutes, the remedies were of a different nature, the distinction resting upon whether death was instantaneous or whether there was a period of survival during which there was pain and suffering. The confusion which resulted from the effort to evolve a legal test of "instantaneous death" made it difficult, if not impossible, to determine under which provision of the act one might sue. It is patently clear that the 1939 amendment attempted to resolve this difficulty by combining the two recoveries into one, with the payment of the entire amount to the next of kin, except for funeral and medical expenses for which the estate is liable.

■ In discussing the points of difference between the 1939 Death Act and the Survival Act, the Michigan Supreme Court, in Baker v. Slack, 319 Mich. 703, 713, 30 N.W.2d 403, 407, stated: "The conclusion is inescapable that it was precisely in the field of damages, in those cases in which decedent survived his injuries, that the legislature attempted to effectuate a change, not only as to the distribution but, particularly, as to what shall constitute the elements thereof."

It is clear that "the proceeds of the recovery from the tortfeasor are not a part of the estate of the deceased in the sense

that resort may be had thereto to satisfy claims of creditors." In re Venneman's Estate, 286 Mich. 368, 378, 282 N.W. 180, 184.

The Michigan statute governing the distribution of settlement proceeds provides: "(6) In the discretion of the probate court, provision may be made in its order for the payment of the funeral expenses of the decedent, but such proceeds shall not be liable for the payment of any other charges against the estate of the decedent." Sec. 27.3178(185), Mich.Stat.Ann., Comp.Laws 1948, § 702.115.

The mere fact that the estate is liable for the decedent's funeral and medical expenses does not alter the situation as recovery for these expenses are incidental to the recovery of the principal damages. The Michigan Supreme Court in Rufner v. City of Traverse City, 296 Mich. 204, 212, 295 N.W. 620, 623, discussing the 1939 Death Act stated: "The statute provides that damages may be given for pecuniary injury resulting from such death to those persons who may be entitled thereto. In Edgerton v. Lynch, 255 Mich. 456, 238 N. W. 322, we held that funeral expenses were a pecuniary injury and in our opinion doctor and hospital bills are also a pecuniary injury. Inasmuch as the statute provides that there can be but one action, we hold that the mentioned damages are included therein."

While it appears that the Michigan Courts have not had occasion to interpret the status of a personal representative under the Michigan Death Statute, two other reviewing courts have recently considered this statute and held that a plaintiff suing on behalf of designated beneficiaries under this statute was a statutory trustee for the entire unitary action. See Janes v. Sackman Bros. Co., 2 Cir., 177 F.2d 928; Wiener v. Specific Pharmaceuticals, 298 N.Y. 346, 83 N.E.2d 673.

The Michigan Death Statute provides that the court entering judgment in a suit thereunder, shall within thirty days, notify the Probate Court having jurisdiction of the estate, of the amount of the judgment, and the pecuniary loss suffered by the surviving spouse and next of kin. In general,

it gives the Probate Court the responsibility of determining the distribution of the proceeds of the judgment.

Counsel for the defendant has quite interestingly argued that unless there were ancillary proceedings in this state, the proceeds of the judgment would be incapable of distribution because of inability to control it. The authorities which have considered similar statutes have construed them liberally in recognition of the object of the legislation, which is to benefit the designated beneficiaries. The medium of enforcement has been regarded as incidental. As early as Dennick v. Railroad Co., 103 U.S. 11, 20, 26 L.Ed. 439, this pronouncement was made:

"But the courts of New York are as capable of enforcing the rights of the widow and next of kin as the courts of New Jersey. And as the court which renders the judgment for damages in favor of the administratrix can only do so by virtue of the New Jersey statute, so any court having control of her can compel distribution of the amount received in the manner prescribed by that statute.

" * * * The statute of New Jersey says the personal representative shall recover, and the recovery shall be for the benefit of the widow and next of kin. It would be a reproach to the laws of New York to say that when the money recovered in such an action as this came to the hands of the administratrix, her courts could not compel distribution as the law directs."

In this circuit, in Anderson v. Louisville & Nashville Railroad Co., 6 Cir., 210 F. 689, 693, it was said: " * * * it cannot be doubted that the court having control of the plaintiff can compel distribution of any amount received according to the terms of the statute." Citing Stewart v. Baltimore and Ohio R. Co., 168 U.S. 445, at page 450, 18 S.Ct. 105, 42 L.Ed. 537.

See also Florida Cent. & P. R. Co. v. Sullivan, 5 Cir., 120 F. 799, 800, 61 L.R.A. 410.

Although there is some authority to the contrary, the courts are increasingly according recognition to the principle that a

personal representative suing as a special statutory trustee for the benefit of dependents of the decedent shall be entitled to maintain the suit on his original letters, in any jurisdiction where the wrongdoer may be found, without securing ancillary letters at the forum. Compare Cooper v. American Airlines, Inc., 2 Cir., 149 F.2d 355, 162 A.L.R. 318; Wallan v. Rankin, 9 Cir., 173 F.2d 488.

The plaintiff, suing as a statutory trustee for the benefit of designated beneficiaries, may bring this action, notwithstanding his inability to qualify as an administrator or personal representative of the deceased because of his nonresidence.

The motion of the defendant to dismiss is denied.