## HOWARD *v.* PULVER.

1. CONFLICT OF LAWS—TORTS—LIABILITY DETERMINED BY LAW OF PLACE OF INJURY.

   The liability of a resident of this State for the death of the resident of another State, which occurred as the result of injuries inflicted in a third State, is governed by the laws of such third State, since the cause of action arose therein.

2. DEATH—INDIANA DEATH ACT—ACTION FOR BENEFICIARIES.

   The Indiana death act creates a new right of action not known to the common law and is not a continuation of any action existing in favor of deceased prior to his death and applies

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5]  16 Am Jur, Death, § 389.

[1, 2, 5]  Right of foreign domiciliary, or of ancillary, personal representative to maintain an action for death, under statute of the forum which provides that the action' shall be brought by the personal representative.  65 ALR 563.

[1, 2, 5]  Right of personal representative appointed at the forum or in a jurisdiction where decedent was domiciled or where the tort occurred, to maintain action for death under foreign statute which provides that the action shall be brought by executor or administrator.  85 ALR 1231.

[3, 5]  16 Am Jur, Death, §§ 396–399.

[3, 5]  Nature of differences between *lex loci* and *lex fori* which will sustain or defeat jurisdiction of a cause of action for death arising under the law of another State or country.  77 ALR 1311.

[4]  21 Am Jur, Executors and Administrators, § 940; 54 Am Jur, Trusts, §§ 584, 585, 587, 591.

only when death results from injuries, the right of action vesting in the personal representative of the deceased for the exclusive benefit of certain specified beneficiaries named in the statute (Burns' Ind Stat [1946 Replacement], § 2–404).

3. Executors and Administrators—Foreign Administrators—Action Under Death Act.

Plaintiff, appointed by an Illinois court as administrator of the estate of a resident of that State, who had received injuries in Indiana resulting in death, did not act as an officer of the Illinois court in bringing action therefor in Michigan, but as trustee for certain beneficiaries designated by the Indiana death act (Burns' Ind Stat [1946 Replacement], § 2–404).

4. Parties—Executors and Administrators—Trustees—Joinder of Parties.

An executor, administrator, trustee of an express trust, or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought (CL 1948, § .612.2).

5. Executors and Administrators—Action Under Indiana Death Act—Substitution of Ancillary Administrator.

Action in this State by administrator of the estate of a resident of Illinois, appointed in that State, to recover for fatal injuries received by decedent in Indiana, commenced within the time permitted for such action by Indiana statute, gave court of this State jurisdiction of the cause and of the parties and the granting of an order substituting the ancillary administrator as party plaintiff was a valid exercise of the power of the court; recovery, if any, not being subject to foreign administration and fund recovered not being available for payment of creditors of deceased (Burns' Ind Stat [1946 Replacement], § 2–404).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 6, 1950. (Docket No. 60, Calendar No. 44,853.) Decided January 8, 1951.

Case by Milton B. Howard, Illinois administrator of estate of Paul W. Howard, deceased, against Harry Pulver for damages under Indiana death act. Case dismissed on motion. Plaintiff appeals. Reversed and remanded for further proceedings.

*Charles H. Burnham,* for plaintiff.

*Brown, Jamieson, Dyll, Marentay & Erickson,* for defendant.

SHARPE, J.  This case involves an appeal from the circuit court of Wayne county denying plaintiff's motion to substitute a party plaintiff in an action brought against defendant.

The facts are not in dispute.  Paul W. Howard, decedent and a resident of the State of Illinois, was involved in an accident in the State of Indiana with defendant Harry Pulver, a citizen and resident of Wayne county, Michigan.  Paul W. Howard died from injuries received in the accident.

Subsequently, Milton B. Howard was appointed administrator of the estate of Paul W. Howard, deceased, by a probate court of Cook county, Illinois. On December 18, 1947, plaintiff as administrator brought an action in the circuit court of Wayne county against Harry Pulver who filed his appearance and answer to plaintiff's declaration.  The matter came to the attention of the court on the pretrial docket at which time counsel for defendant raised the objection that the action was brought by and in the name of a foreign administrator.  Subsequently, an ancillary administrator was appointed and plaintiff's motion to substitute the ancillary administrator as party plaintiff was granted.

On November 28, 1949, defendant filed a motion for a rehearing on the court's order denying defendant's motion to dismiss and granting plaintiff's motion to substitute.  On January 6, 1950, the court granted defendant's motion to dismiss.  Plaintiff appeals.

The first question that arises out of the bringing of the instant action is:  May an administrator, appointed by an Illinois court, prosecute an action in

Michigan for the wrongful death of his decedent under an Indiana statute (2 Burns' Ind Stat [1946 Replacement], § 2–404) which provides that in actions for death, the personal representative of deceased may bring action against one causing the death of his deceased by wrongful act or omission, if the decedent living might have brought an action? Under Indiana law the action must be brought within 2 years after the death. In the case at bar Paul W. Howard died December 29, 1946. The present action was instituted December 18, 1947, and on November 15, 1949, the order of substitution was entered.

Since the cause of action arose as the result of injuries and death of plaintiff's decedent in the State of Indiana, the liability for the negligence or wrong is governed by the laws of the State of Indiana. See *Kaiser* v. *North,* 292 Mich 49, and *Summar* v. *Besser Manufacturing Co.,* 310 Mich 347.

Defendant urges that an administrator appointed in Illinois has no authority to bring an action in Michigan and relies upon *Jones* v. *Turner,* 249 Mich 403. We there said:

"Plaintiff was appointed administrator of his father's estate by a probate court in Illinois. No ancillary administration of that estate was had in Michigan.

"The assets of a deceased person located in this State constitute a trust fund for the payment of the creditors of the deceased therein, regardless of the domicile of deceased. *In re Colburn's Estate,* 153 Mich 206 (126 Am St Rep 479, 18 LRA NS 149); *In re Stevens' Estate,* 171 Mich 486.

"The appointment of plaintiff as administrator by the court of Illinois has no extraterritorial force. As a foreign administrator he has no control over or interest in the real or personal estate of the intestate in this State. *Thayer* v. *Lane,* Walk Ch (Mich) 200.

"His grant of administration by the court of Illinois is strictly confined in authority and operation to the limits of the territory of the State granting it. It cannot confer, as a matter of right, any authority to collect the assets of the deceased in any other State. * * *

"No Michigan statute gives a foreign executor or administrator the right to sue in the courts of this State in a case like the present. The trial court was without jurisdiction to render a valid judgment in favor of plaintiff as administrator. Being without jurisdiction, the judgment of the trial court is void."

Plaintiff urges that under the death act of Indiana (2 Burns' Ind Stat [1946 Replacement], § 2–404), it is provided that such action shall be brought by and in the name of the personal representative of the deceased person for the benefit of the persons designated by the statute; and that while the statute names the personal representative of the deceased, he does not represent the deceased as to his general estate, but only as to his relationship with the persons named as beneficiaries by the statute, and, as such, is only the designee of the beneficiaries named in the statute and acts only as a trustee for their benefit.

In view of the fact that the liability for the alleged wrongful act is governed by Indiana law, it becomes necessary to examine its death act. The pertinent part of the act reads as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefore against the latter, if the former might have maintained an action had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within 2 years, and

the damages can not exceed $10,000, and subject to the provisions of this act, shall inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased."

The death act creates a new right of action not known to the common law, applying only when death results from injuries and the right of action vests in the personal representative of the deceased.

The issue involved is one of first impression in this State, but has been passed upon in other jurisdictions. In *Wiener* v. *Specific Pharmaceuticals, Inc.,* 298 NY 346 (83 NE2d 673), Patricia A. Wiener, an infant, died in Detroit, Michigan. Her father, R. J. Wiener, was appointed administrator by a probate court of Michigan and brought an action in a New York court to recover damages for the infant's wrongful death allegedly occasioned by one of defendant's products which had been administered to the child. Defendant made a motion to dismiss the cause of action on the ground that plaintiff lacked standing to sue in New York courts. The New York court of appeals affirmed the trial court's denial of the motion to dismiss and said:

"It is settled that as a general rule a foreign administrator may not sue in the courts of this State without first obtaining ancillary letters.     *     *     *

"We come, then, to an important question—hitherto expressly left open by this court, *Baldwin* v. *Powell,* 294 NY 130, at page 134 (61 NE2d 412); *Wikoff* v. *Hirschel,* 258 NY 28, at pages 31, 32 (179 NE 249)—as to whether a foreign administrator, suing as special statutory trustee to recover damages for wrongful death, has the legal capacity to maintain such a suit in our courts.

"It has been repeatedly observed that the reason for insisting that a foreign administrator obtain ancillary letters before suing in another State is to

assure that the decedent's domestic creditors shall have their claims paid out of any fund recovered for the benefit of the debtor's estate.    *   *   *

"The rule barring foreign administrators from our courts is just and reasonable *only* if applied in cases, first, where there are domestic creditors, and second, where the foreign administrator sues to recover a fund in which such creditors may share. Obviously, no prejudice threatens local creditors of the decedent if the wrongful death statute makes no provision for recovery on behalf of the general estate and, in fact, bars creditors' claims against the proceeds. Suing under such a statute, plaintiff acts, not as an officer of the foreign court appointed by it as *alter ego* for the estate, but as a trustee for the designated beneficiaries, the actual and real parties in interest. In such a case, the amount recovered truly constitutes a special fund for their exclusive benefit, and, since it is not subject to the claims of others, no danger exists that failure to require local qualification may harm or prejudice domestic creditors. With the primary and, perhaps, only reason for the rule thus removed, the rule itself has no sensible application and should not be invoked in this class of case.

"For that reason, we conclude, as have the courts of a number of other jurisdictions, that a foreign administrator, suing as statutory trustee, has standing to maintain a wrongful death action in this State upon the strength of his original letters."

In *Pearson v. Norfolk & W. Ry. Co.*, 286 F 429, Ambrose Pearson was killed in West Virginia. A. C. Pearson was appointed administrator of the estate of Ambrose Pearson in North Carolina. He brought an action in Virginia for the wrongful death of decedent. Defendant raised the issue of the right of a foreign administrator to maintain the action. In affirming such right the court said:

"In this State there is no statute giving foreign representatives a right to sue, and the rule that a

foreign representative may not sue in the courts of this State to recover assets of his decedent's estate for administration remains in full force. *Dickinson v. M'Craw,* 4 Rand (25 Va) 158, 160; *Andrews v. Avory,* 14 Grat (55 Va) 229, 239 (73 Am Dec 355); *Fugate v. Moore,* 86 Va 1045, 1047 (11 SE 1063, 19 Am St Rep 926). However, I can think of no reason why this rule should apply to the case at bar. The only even passably good reason for the rule is the protection of possible local creditors of a decedent.
\* \* \*

"The reason that the rule in question cannot possibly apply here is that, by the express terms of the West Virginia wrongful death statute, no creditor of the decedent as such has the slightest interest in or right to the recovery sought by the plaintiff at bar. The foreign administrator here sues to recover a fund which is not to be administered, but is merely to be distributed. When the reason for a rule fails, the rule ceases to apply. And it follows that there is no reason to be found in the policy of the law of Virginia why the plaintiff here may not maintain this action. \* \* \*

"It is argued that 'foreign letters have no extraterritorial effect.' This, with deference, seems to me to be an incomplete, and therefore a misleading, statement of a sound rule. The meaning of the rule is merely that the local courts will not give such effect to a foreign grant of letters as to permit local assets of a decedent to be administered according to a foreign law. Permitting a foreign representative to have a recovery which is not to be administered at all is not giving extraterritorial effect to the plaintiff's letters within the meaning of the rule in question. A rule designed only to prevent foreign administration of local assets of a decedent cannot properly be applied to assets of living people which are not to be administered at all."

See, also, *Wallan v. Rankin,* 173 F2d 488; *Knight v. Moline, East Moline & Watertown Ry. Co.,* 160

Iowa 160 (140 NW 839); 33 Mich Law Review, p 565; 48 Mich Law Review, p 520.

The courts of Indiana have had occasion to construe its death act. In determining the nature of the cause of action, the court in *Shipley* v. *Daly,* 106 Ind App 443 (20 NE2d 653), said:

"The right of action given by this statute is not a continuation of any action existing in favor of the deceased person prior to his death, but is a new right of action which exists only by virtue of the statute creating it, and accrues on the death of the decedent. It must be prosecuted by the personal representative of the deceased, and since 1933, when the statute was amended to so provide, such representative may prosecute such an action, and, if the facts warrant it, recover damages which will inure to the benefit of one or the other of 3 classes of persons. * * *

"As heretofore stated, the right of action accrues upon the death of any person whose death results from injuries suffered by reason of the wrongful act or omission of another. * * * Statutes of this character are in derogation of the common law, and may not properly be extended beyond the legitimate meaning of the words employed in them. In the instant case, when the right of action accrued, the widow was the surviving person named by our statute as the beneficiary of the right granted. The right of action existed for her benefit alone, and there was no right of action for the benefit of any other person or persons. We find nothing in the statute which can reasonably be construed as granting to any other person any right of action upon the death of the widow. * * *

"There is but one cause of action created by the statute, and, as heretofore stated, it accrues upon the death of the injured party, and inures for the benefit of those named in the statute in the order therein stated, as of the date of death, and not otherwise. If there be no survivors of the first class, the

right is for the benefit of those of the second class, if any, and if none, then for the benefit of those of the third class, but the right when it once accrues does not pass upon the death of those of one class of persons to the next class, since the right given is a statutory one, and the statute does not so provide."

In *Fink* v. *Peden,* 214 Ind 584 (17 NE2d 95), the supreme court of Indiana held that under its death act the funds obtained in a settlement of a claim against the Pennsylvania Railroad Company on account of the death of Ralph Fink, husband of administratrix and father of 5 minor children, were no part of decedent's estate under Burns' Ind Stat 1933, § 2–404, Baldwin's Ind Stat 1934, § 51. The court said: "Ralph Fink's estate had no interest whatever in the sum paid by the railroad company to his widow and the minor children."

See, also, *Tri-State Loan & Trust Co.* v. *Lake Shore & M. S. R. Co.,* 76 Ind App 141 (131 NE 523).

In *Chicago, I. & L. R. Co.* v. *Hemstock,* 102 Ind App 654 (4 NE2d 677), the court had occasion to rule upon who may bring an action under its death act. The court there said:

"It is to be noted that it is only a personal representative who may institute and maintain the action provided for by the terms of the foregoing statute. There can be no doubt that an administrator, and executor, or an administrator *de bonis non,* who was duly appointed and qualified, would be such 'personal representative.' * * *

"That a right of action for damages sustained on account of the death of a deceased person caused by the negligent act of another is not an asset of the estate of any such deceased person, must be conceded as settled in this jurisdiction."

See, also, *Pettibone* v. *Moore,* 223 Ind 232 (59 NE 2d 114).

It must be conceded that had decedent lived he could have availed himself of the Michigan courts to maintain his action for damages, but because of his injury and death in Indiana the law governing the recovery of damages is to be determined by the death act of Indiana.

Under the death act of Indiana the action can only be brought by the personal representative for the recovery of a trust fund for the exclusive benefit of certain specified beneficiaries named in the statute. Under this act the funds recovered are not for the benefit of decedent's estate and are not subject to any claims of creditors of deceased. *Lese* v. *St. Joseph Valley Bank,* 81 Ind App 517 (142 NE 733). It also appears that under the act the beneficiaries are the real parties in interest.

In our opinion, in bringing of an action under the death act, plaintiff as administrator of decedent's estate did not act as an officer of the Illinois court, but as a trustee for certain statutory beneficiaries. The case of *Jones* v. *Turner, supra,* relied upon by defendant has no application to causes of action brought under the death act. Under CL 1948, § 612.2 (Stat Ann § 27.654), every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, trustee of an express trust, or a party expressly authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. In the case at bar plaintiff brought the action as the personal representative as authorized by the death act of Indiana. Moreover, the action was commenced within the time allotted by the statute. The ancillary administrator was duly appointed and a petition filed by him to be allowed to be substituted as party plaintiff. In the first instance an order was entered granting plaintiff's petition to be substituted as party plaintiff and later it was revoked. In our

opinion, the court acquired jurisdiction of the cause of action and the parties when the action was first commenced. The granting of an order substituting the ancillary administrator as party plaintiff was a valid exercise of the power of the court.

The trial court was in error in holding that the cause of action is a property right belonging to the estate of the deceased and granting defendant's motion to dismiss the cause of action. For the reasons heretofore given the order dismissing the cause of action is reversed and the cause remanded for further proceedings. Plaintiff may recover costs.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.