920

Betty I. CARDER, Administratrix of the Estate of Clarence M. Carder, Deceased, Kenton, Ohio, Plaintiff,

v.

Elva R. MARHOFF, Defendant.

No. 15171.

United States District Court
E. D. Michigan, S. D.

Sept. 6, 1956.

Roy Warren Roof, Kenton, Ohio, George Jones, Detroit, Mich., for plaintiff.

Lacey, Jones & Doelle, Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

This action was brought under the Michigan Wrongful Death Statute by the widow of deceased, who has been appointed Administratrix of the Decedent's Estate by an Ohio court. Defendant has moved to dismiss contending that under Michigan Statutes Annotated 27.3178 (278), Comp.Laws 1948, § 704.27, Plaintiff is without standing to sue in Michigan as a personal representative and, hence, under Fed.Rules Civ.Proc. rule 17 (b), 28 U.S.C.A., may not maintain the action here. Michigan Statutes Annotated 27.3178 (278) provides:

"It is hereby declared to be the public policy of this state to require that all persons acting in a representative capacity under appointment of a probate court, as fiduciary, shall at all times be amenable to process issued out of the courts of this state, and to that end no person shall hereafter be deemed suitable and competent to act as a fiduciary, who is not a resident of this state and a citizen of the United States: *Provided,* That nothing herein shall be construed to limit the power of the court to appoint any bank or trust company authorized to do business in this state."

This section is declaratory of the familiar Common Law Rule that executors and administrators shall, at all times, be amenable to process issued out of the courts of the appointing state for the protection of local creditors having claims against the estate of the decedent. Jones v. Turner, 249 Mich. 403, 228 N.W. 796.

Most courts which have considered the application of this rule to actions for wrongful death, have pointed out that actions for wrongful death were not known to the common law and generally

are for the benefit of named beneficiaries and not for the benefit of the estate. As the proceeds of the action are not available to pay the debts of the estate, the reason for the rule requiring local administration does not apply. Wiener v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 83 N.E.2d 673; Pearson v. Norfolk & Western Railway Co., D.C., 286 F. 429; Wallan v. Rankin, 9 Cir., 173 F.2d 488; Knight v. Moline, East Moline and Watertown Railway Co., 160 Iowa 160, 140 N.W. 839.

As anticipated by this court in Siverling v. Lee, D.C., 90 F.Supp. 659, the Michigan Supreme Court has adopted this liberal construction. In Howard v. Pulver, 329 Mich. 415, 45 N.W.2d 530, 535, an Illinois administrator sued in Michigan under the Indiana Wrongful Death Act. The trial court first permitted the addition of a local administrator as a party plaintiff then reconsidered and dismissed the action. In reversing, the Supreme Court quoted at length from the Wiener and Pearson cases noted above, and concluded that:

> "In our opinion in bringing an action under the death act, plaintiff as administrator of decedent's estate did not act as an officer of the Illinois court, but as a trustee for certain statutory beneficiaries. The case of Jones v. Turner, supra, relied upon by defendant has no application to causes of action brought under the death act."

Kearns v. Michigan Iron & Coke Co., 340 Mich. 577, 66 N.W.2d 230, is to the same effect. Although the Howard case was decided under the Indiana Wrongful Death Statute, the Michigan Wrongful Death Statute is essentially the same in that it gives a right of action to the personal representative of the deceased to recover damages for the benefit of certain beneficiaries rather than for the benefit of the estate itself, In re Venneman's Estate, 286 Mich. 368, 282 N.W. 180.

The case of Buchele v. Trucking, Inc., D.C., 57 F.Supp. 954, decided by this court in 1944 is readily distinguishable.

That was an action by an Ohio guardian for injuries sustained by his ward. It was there decided that the ward's transitory cause of action against the Michigan resident constituted part of the estate of the ward in the county where the Michigan resident was located and that the foreign guardian would be entitled to recover such property only after prosecuting ancillary probate proceedings in Michigan in accordance with Michigan Statutes Annotated 27.3178 (231) Comp. Laws 1948, § 703.31. The legislative mandate there was clear and there was no reason for drawing distinctions such as have been made in actions for wrongful death.

Defendant's motion to dismiss is overruled.