Benjamin L. WEISSFELD, Executor of
the Estate of Beatrice Weissfeld,
Deceased, Plaintiff,

v.

HERMAN MILLER, INC., Defendant.

Civ. A. No. 5798.

United States District Court
W. D. Michigan, S. D.

Dec. 20, 1968.

Benjamin Baum, Grand Rapids, Mich., Amos I. Meyers, Baltimore, Md., for plaintiff.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., William D. Buchanan, Grand Rapids, Mich., of counsel, for defendant.

## OPINION

FOX, District Judge.

In this action the Executor of the estate of Beatrice Weissfeld seeks to recover damages as a result of an accident which occurred January 7, 1965, and resulted in her death on January 30, 1965. Suit was filed December 29, 1967.

On May 6, 1968, defendant's motion to dismiss on the ground that the applicable statute of limitations had ex-

pired was denied. At that time the court took under advisement defendant's motion for dismissal on the ground that plaintiff did not seek to have a resident executor appointed as required by Michigan law.

Plaintiff also moved to transfer the case to Maryland. This latter motion will be dealt with first, followed by a discussion and decision on the motion to dismiss.

### Venue

According to 28 U.S.C. § 1391(a), a civil action based on diversity jurisdiction may be brought only in the judicial district where all of the plaintiffs or all of the defendants reside. For purposes of federal venue, a corporation is regarded as residing in any judicial district in which it is incorporated, licensed to do business or is doing business. 28 U.S.C. § 1391(c).

In the instant case, the plaintiff, Benjamin Weissfeld, is a resident and domiciliary of the State of Maryland. Defendant, Herman Miller, Inc., is a Michigan corporation, not licensed to nor doing any business in Maryland. Therefore, under 28 U.S.C. § 1391, venue lies in Maryland where the sole plaintiff resides and in Michigan where the sole defendant is incorporated and doing business.

### Jurisdiction Over the Person

With certain exceptions not pertinent to the case at bar, Rule 4(f) of the Federal Rules of Civil Procedure provides that process may be served only within the territorial limits of the state in which the district court is held. Rule 4(e) permits service to be made on a party not an inhabitant of the state in which the district court is held according to the provisions of any valid statute or rule of court of such state.

Plaintiff first filed this action in the United States District Court for the District of Maryland. An attempt was made to serve process under the Maryland long arm statute. Md. Code Ann. art. 75, § 75(b). Defendant, by a special appearance, brought a motion to quash summons, purported service of process and return thereon, and to dismiss, which was granted October 28, 1968, by Judge Alexander Harvey.

While suit was pending in Maryland, plaintiff filed this action and now makes a motion to transfer the suit to Maryland pursuant to 28 U.S.C. § 1404(a). This section provides that a district court may transfer any civil action to any other district *where it might have been brought* for the convenience of the parties and witnesses and the interest of justice.

In arguing that Maryland was a district where the action "might have been brought," plaintiff relies heavily on the case of Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). In Van Dusen, over forty-five personal representatives of victims of an airplane crash in Massachusetts brought wrongful death actions in a Pennsylvania federal district court. A motion by the defendant to transfer forty of the actions to the district of Massachusetts where a number of similar suits were pending was granted by the Pennsylvania court. The Third Circuit reversed on the ground that the plaintiffs were not qualified under Massachusetts law to sue as representatives of the decedents and, therefore, the "might have been brought" requirement was not satisfied. The Supreme Court reversed, however, holding that in cases involving a capacity to sue, the transferee court must apply the law of the transferor state which would have been applied if there had been no change of venue. Therefore, argues plaintiff, because the requirements of venue and jurisdiction over the person of the defendant are present in Michigan, this suit may be transferred to Maryland.

However, this argument overlooks the crucial fact that in Van Dusen venue and jurisdiction over the person were present in *both* the transferor and transferee states, whereas in the present situation, while both factors are present in the transferor state, i. e., Michigan,

there is no jurisdiction over the person of the defendant in the transferee state, i.e., Maryland.

The Supreme Court clearly noted this dual factor in distinguishing the case of Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), from Van Dusen. The issue in Hoffman was "whether a District Court, in which a civil action had been properly brought, is empowered by § 1404(a) to transfer the action, on the motion of the defendant to a district in which the plaintiff did not have a *right* to bring it." Hoffman, supra, at 336, 80 S.Ct. at 1085, 4 L.Ed.2d at 1257. Although the Hoffman court noted that venue and jurisdiction over the person could be waived and were waived by the defendant, it agreed with the lower court that:

> " 'If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where [the action] might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district 'where it might have been brought,' and it is immaterial that the defendant subsequently [makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum].' [Blaski v. Hoffman] 260 F2d, at 321 and 261 F2d, at 469.

> "Inasmuch as the respondents (plaintiffs) did not have a right to bring these actions in the respective transferee districts, it follows that the judgments of the Court of Appeals were correct and must be affirmed.

> Affirmed."

Hoffman, supra, at 344, 80 S.Ct. at 1090, 4 L.Ed.2d at 1262.

Therefore, the Hoffman decision and not Van Dusen is controlling in the case at bar. Because there is venue in both the transferor and transferee states (unlike Hoffman) and no jurisdiction over the person in the transferee state (like Hoffman) the precise issue before this court may be framed as follows:

WHETHER A DISTRICT COURT, IN WHICH A CIVIL ACTION HAS BEEN PROPERLY BROUGHT, IS EMPOWERED BY § 1404(a) TO TRANSFER THE ACTION, ON THE MOTION OF THE PLAINTIFF, TO A DISTRICT IN WHICH VENUE LIES BUT THERE IS NO JURISDICTION OVER THE PERSON OF THE DEFENDANT.

Although Justice Whittaker used the conjunctive rather than the disjunctive in discussing the requirements of venue and jurisdiction over the person in Hoffman, the reasoning is valid if both or either of the two requirements is absent. It is well established that:

> "United States district courts are courts of limited jurisdiction. In every case the requirements of jurisdiction and venue must be met before the court may decide the controversy.

> \*   \*   \*   \*   \*   \*

> Although improper venue and lack of proper service can both be waived, in the absence of such waiver both venue and service must be correct before the court has power to decide the case. A case brought in the proper district cannot proceed unless valid service on the defendant can be obtained and, on the other hand, service in accordance with the rules is unavailing if the suit is in the wrong district and the defendant properly interposes that defense." 1 W. Barron & A. Holtzoff, Federal Practice and Procedure, § 176 at 658–9 (Wright ed. 1960) (citations omitted).

The few cases which consider, either expressly or impliedly, a transfer under § 1404(a) when jurisdiction over the person is absent are unanimous in their determination that a valid transfer cannot be made in the light of Hoffman: Cessna Aircraft Co. v. Brown, 348 F.2d 689 (10th Cir. 1965); Ebel v. Spencer Chem. Co., 227 F.Supp. 956 (W.D.Mo.

1964); Glazer v. Colonial Village Corp., 232 F.Supp. 892 (E.D.Tenn.1964); Twentieth Century-Fox Film Corp. v. Taylor, 239 F.Supp. 913, 922–923 (S.D. N.Y.1965); Amis Constr. Co. v. Pressed Steel Tank Co., 279 F.Supp. 83, 85 (E.D. Wis.1968). See especially, Junious v. Food Transport Co., Inc., 258 F.Supp. 508 (M.D.Pa.1966), which considered the identical issue now before this court.

■ Therefore, this court holds that a United States District Court in which a civil action has been properly brought is not empowered by 28 U.S.C. § 1404(a) to transfer the action, on the motion of plaintiff, to a district in another state in which venue exists but there is no jurisdiction over the person of the defendant.

Plaintiff's motion to transfer is denied.

*Motion to Dismiss*

■ The capacity to sue persons acting in a representative capacity, except federal receivers, is determined by the law of the state in which the district court is held. Fed.Rules Civ.Proc. 17 (b); Van Dusen, supra, 376 U.S. at 624, 84 S.Ct. 805, 11 L.Ed.2d at 954. It is the statutory public policy of the State of Michigan to require that all persons acting in a representative capacity, as a fiduciary, must be a resident of the state and a United States citizen, Mich. Comp.L.Ann. § 704.27 (1968); Mich. Stat.Ann. § 27.3178(278) (1968 Cum. Supp.):

It is hereby declared to be the public policy of this state to require that all persons acting in a representative capacity under appointment of a probate court, as fiduciary, shall at all times be amenable to process issued out of the courts of this state, and to that end no person shall hereafter be deemed suitable and competent to act as a fiduciary, who is not a resident of this state and a citizen of the United States. Nothing herein shall be con-

strued to limit the power of the court to appoint any bank or trust company authorized to do business in this state, or to appoint a nonresident of this state guardian of the person of a resident minor when the last will and testament of the surviving parent of the minor nominates the nonresident as guardian. As amended P.A.1965, No. 25, § 1, Imd. Eff. April 22.

Defendant has moved for a dismissal, alleging that plaintiff failed to have a local executor appointed to bring this action.

In order to determine whether or not the statute requires that a local executor be appointed in this case, the court must look to the underlying policy of the statute. The Michigan Supreme Court clearly set forth the policy considerations in Howard v. Pulver, 329 Mich. 415, 421, 45 N.W.2d 530, 533 (1951):

" 'The rule barring foreign administrators from our courts is just and reasonable *only* if applied in cases, first, where there are domestic creditors, and second, where the foreign administrator sues to recover a fund in which such creditors may share.' " [Quoting with approval a discussion of the Michigan statute by the New York Court of Appeals in Wiener v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 83 N.E.2d 673, 675 (1949). See also, Sivering v. Lee, 90 F.Supp. 659 (E.D.Mich.1950) and Carder v. Marhoff, 143 F.Supp. 920 (E.D.Mich. 1956).]

■ To state the rule in the disjunctive, if (1) there are no domestic creditors, or (2) the domestic creditors would not be able to share in the fund, a local executor is not required by the statute.

■ This suit is brought pursuant to the Maryland Survivorship Statute, Md. Code Ann., art. 93, § 112, which authorizes the recovery of damages solely on behalf of the estate of the

decedent and not the Maryland Wrongful Death Statute, Md. Code Ann., art. 67, § 4, which authorizes recovery of damages on behalf of specific named beneficiaries. Because any recovery would be an asset of the estate, Michigan creditors would be able to share in any proceeds. However, there are no domestic creditors to be protected in this case. No Michigan creditors of the estate have come forward in more than three years since the administrator in Maryland was appointed, or in the nearly one year that the case has been pending in this court. The Maryland statute of limitations has protected potential creditors for three years (article 57, § 1, Maryland Code.) No creditor may now sue the estate in Maryland. Since the sole purpose of the Michigan statute is to protect domestic creditors, Howard v. Pulver, supra, its terms should not be applied to prevent suit by a foreign administrator in this case when there are no such creditors.

A further reason exists for denying dismissal. Should the Michigan statute requiring a local administrator be construed broadly to prevent suit in this case, the consequences for other diversity actions would be undesirable. Application of the statute could prevent a foreign estate from ever using the Michigan federal courts, since, if a local administrator brought the action, there would be no diversity. In a case like this, where plaintiff and defendant are of such clearly diverse citizenship, it would defeat the reasons behind diversity jurisdiction to dismiss.

Implicit in the Van Dusen decision is the admonition not to broadly apply restrictive state procedural laws to diminish the jurisdiction of federal district courts.

For this policy reason, and for the reason that there are no local creditors to protect, the motion to dismiss is also denied.

It is so ordered.