## Boulden v. Pennsylvania Railroad Company, Appellant.

*Negligence—Death—Parties—Foreign administrator—Actions.*

An action for death may be maintained in Pennsylvania by a New Jersey administrator, where the cause of action arose in New Jersey, without an ancillary administration being raised in Pennsylvania.

*Negligence—Damages—Railroads—Beneficial association.*

In an action brought by a New Jersey administrator in Pennsylvania against a railroad company to recover damages for the death of an employee of the railroad company who was also a member of the relief de-

partment of the company, the defendant will not be permitted to show in mitigation of damages that the mother of the deceased, as the latter's beneficiary, received death benefits from the relief department.

MR. JUSTICE MITCHELL dissents.

Argued Jan. 8, 1903. Appeal, No. 58, Jan. T., 1902, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1901, No. 2869, on verdict for plaintiff in case of Kate R. Boulden, Administratrix of Frank R. Boulden, Deceased, v. Pennsylvania Railroad Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for death of Frank R. Boulden. Before DAVIS, J.

At the trial the court overruled an offer of defendant's counsel to prove by John C. Van Rodan, and by the documents by him to be produced, that Frank R. Boulden, the decedent, to recover for whose death the said action was brought, was a member of the Pennsylvania Railroad Voluntary Relief Department; that as such he had agreed to be bound by the regulations of said department ; that as a member of such department said Frank R. Boulden had directed that the benefits payable upon his death should be paid to his mother, Madeline Boulden; that said Boulden agreed in the stipulations signed by him that the acceptance of benefits from the relief fund for injury or death should operate as a release of all claims for damages against the company defendant arising from such injury or death ; that after the death of said Boulden the claim for death benefits was made by the beneficiary, to wit: his mother, Madeline Boulden, who was one of the persons entitled to damages (if any) under the acts of assembly of the state of New Jersey; that a release by the said Madeline Boulden was duly executed on the payment and receipt by her of the sum of $500, to which she, as the beneficiary named by the decedent as a member of the second class of the relief association, was entitled ; furthermore that the company defendant paid all the expenses of the relief association amounting to $130,000 annually; that the said company is responsible for any deficiencies, without which contribution and guarantee the relief association could not exist ; that the members of the relief association number 60,000 ; and that the foregoing offers were proposed to be followed by

putting in evidence the regulations of the relief department and also the other papers produced by the witness. [1]

The court refused binding instructions for the defendant.

Verdict for plaintiff for $15,500. Judgment was entered for $12,000, all above having been remitted. Defendant appealed.

*Errors assigned* among others were (1) rulings on evidence, quoting the bill of exceptions; (4) refusal of binding instructions for defendant.

*George Tucker Bispham*, with him *John Hampton Barnes*, for appellant.—If the injured person accepts a sum in settlement before death, the suit by administrator or widow will be barred: Read v. Great Eastern Ry. Co., L. R. 3 Q. B. 555; Dibble v. New York, etc., R. R. Co., 25 Barb. 183.

The evidence rejected was plainly admissible in diminution of damages: Johnson v. Phila. & Read. R. R. Co., 163 Pa. 127; Ringle v. Penna. R. R. Co., 164 Pa. 529.

An ancillary administration was necessary: Moore v. Fields, 42 Pa. 467; Dennick v. Central R. R. of N. J., 103 U. S. 11; Sayre's Exrs. v. Helme's Exrs., 61 Pa. 299; Magraw v. Irwin, 87 Pa. 139; Laughlin et al. v. Solomon, 180 Pa. 177; Mansfield v. McFarland, 202 Pa. 173.

*Augustus Trask Ashton*, for appellee.—The release signed by decedent's mother is no bar to right of action by his personal representative, the present plaintiff: Maney v. C. B. & Q. R. R. Co., 49 Ill. App. 105; Illinois Central R. R. Co. v. Cozby, 69 Ill. App. 256.

Right of action accrues only to the personal representative. Suit by ancillary administratrix would not be in compliance with New Jersey statute: Usher v. West Jersey R. R. Co., 126 Pa. 206; McCarty v. N. Y., Lake Erie & Western R. R. Co. 62 Fed. Repr. 437; Wilson v. Tootle, 55 Fed. Repr. 211; Moore v. Fields, 42 Pa. 467; Wabash, etc., Ry. Co. Shacklet, 105 Ill. 394; Kansas Pacific Ry. Co. v. Cutter, 16 Kan. 568; Dennick v. C. R. R. of N. J., 103 U. S. 11.

The defendant was not entitled to credit for $500, paid to decedent's mother, nor to subrogation to her interest in her son's estate: Maney v. C. B. & Q. R. R. Co., 49 Ill. App. 105.

OPINION BY MR. JUSTICE MESTREZAT, March 30, 1903:

Frank R. Boulden, a resident of New Jersey, was seriously injured in a collision between two trains while being carried on the defendant company's road as a passenger between Camden and Trenton in that state, on February 21, 1901, and as a result of which injuries he died two days thereafter. He left to survive him a widow and a mother, both residing in New Jersey, where letters of administration on his estate were duly granted to his widow, Kate R. Boulden. No administration was raised in this state. It was admitted that the collision in which Boulden was injured was caused by the negligence of one of the company's employees, and that the defendant would have been liable to Boulden for the injuries he received if death had not ensued.

As appears by the statement filed in this case, "the plaintiff, Kate R. Boulden, administratrix of the estate of Frank R. Boulden, deceased, as the personal representative of said Frank R. Boulden, deceased, brings this suit against the Pennsylvania Railroad Company, to recover damages for the exclusive benefit of the widow and next of kin of the said Frank R. Boulden, deceased, by reason of the death of the said Frank R. Boulden through the negligence of the defendant, the Pennsylvania Railroad Company, its servants, agents or employees." The action was instituted in pursuance of a statute of New Jersey of March 3, 1848, as amended by that of March 31, 1897, which is, inter alia, as follows: "Section 1. Whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. Section 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next

of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; . . . . provided, that where such deceased person has left or shall leave him surviving a widow, but no children, or descendants of any children and no parents, the widow shall be entitled to the whole of the damages, which she shall sustain and which shall be hereafter recovered in any such action, and the same shall be paid to her." The trial of the cause in the court below resulted in a verdict and judgment for the plaintiff. The defendant company has appealed.

The second and third assignments of error were abandoned on the argument of the case. The other assignments raise two questions: 1. Was the defendant company entitled to show in mitigation of damages that the deceased was a member of its relief department and that his mother, as his beneficiary, received the death benefits to which his membership, therein entitled her? 2. Could the plaintiff, as administratrix, duly appointed in New Jersey, without ancillary letters having been granted in this state, bring an action here under the New Jersey statute to recover damages resulting from the death of her intestate?

1. Both of these questions were determined by the learned trial judge in favor of the plaintiff, and we think rightly so. It will be observed that this action was brought in pursurance of the provisions of a statute of New Jersey. The beneficiaries named in the statute are the widow and next of kin who, in this instance, appears to be the mother of the deceased. Whatever damages may be recovered will be distributed between the widow and the mother in the proportion provided by the intestate laws of New Jersey. The individuals, however, who are beneficiaries under the statute are not named in, nor parties to, this suit, which was instituted pursuant to the statutory requirement "by and in the name of the personal representative of the deceased." The mother, therefore, was not a party to the action nor, so far as the pleadings disclose, was she entitled to receive any part of the damages that might be recovered. The only questions in the case were whether a right of action had accrued to the personal representative of Boulden by reason of his death having been caused " by the wrongful act, neglect, or default" of the defendant company; and if so, the amount

of the damages thus sustained. If the first proposition were answered in the affirmative by the jury, their verdict would necessarily be in favor of the personal representative for the full amount of the damages, irrespective of the amount to be awarded the several distributees named in the statute. The jury was not required to determine as part of the issue submitted to them, whether one of the beneficiaries had received her share of the damages recoverable by the personal representative. If it be conceded that one of the parties interested in the damages had received her share, it could not defeat the right of the plaintiff to have determined in this action the amount of damages caused by the death of the intestate. No release or acquittance given by one of the parties having a beneficial interest, therefore, could be interposed as a defense in this action of trespass. What persons are entitled to participate in the distribution of the sum recovered in the action and the amount to be awarded each of the distributees must be determined after this suit has been successfully terminated. The right of the defendant company to the whole or any part of the share of any beneficiary in the fund may then be considered and determined.

2. We have held that a suit will lie here for a cause of action arising in another state out of the alleged negligence of the defendant in that state resulting in death: Knight v. West Jersey R. R. Co., 108 Pa. 250. It has also been expressly decided by this court in a case arising under the New Jersey statute in question here, that the only proper plaintiff in such action in Pennsylvania is the individual in whom the right of action is vested by the laws of the state where the injuries were inflicted: Usher v. West Jersey R. R. Co., 126 Pa. 206. The New Jersey statute provides that the " action shall be brought by and in the names of the personal representatives of such deceased person." This action was brought, in compliance with the statute, in the name of the personal representative of Frank R. Boulden, the deceased, and the statement avers that the damages are recoverable for the exclusive benefit of his widow and next of kin. It would, therefore, appear that in this action the plaintiff has followed strictly not only the statutory requirement but our construction of it. The defendant company contends, however, that the letters of administration granted the

plaintiff in the state of New Jersey do not confer upon her authority to bring an action here without having taken out letters ancillary in this jurisdiction. This contention is based upon ths 6th section of the Act of March 15, 1832, Purd. Dig. 574, pl. 18, which provides as follows: "No letters testamentary or of administration, or otherwise, purporting to authorize any person to intermeddle with the estate of a decedent, which may be granted out of this commonwealth shall confer upon such person any of the powers and authorities possessed by an executor or administrator, under letters granted within this state." It is unquestionably true that the plaintiff is not authorized to intermeddle with the assets of the decedent within this state. Our statute plainly forbids her assuming any such authority. But in this action, as we have seen, she is not seeking to recover the assets of the decedent nor any money in which the decedent, or those claiming through him, have any interest whatever. No heir, legatee or creditor of the decedent can have any claim on the fund collected in this suit. The statute of 1832, therefore, has no application to the facts of the case. The right of action for damages resulting from death did not survive at common law. This action, therefore, is purely statutory; the right to recover here being founded on a statute of New Jersey. It created the cause of action, named the party who should enforce it, and designated the beneficiaries under it. It is elementary law that the statute must be strictly pursued, and hence the rights secured by it can only be enforced by an action in the name of the party therein specially authorized. As we have seen, the New Jersey statute confers the right of action in cases of this kind on the personal representative of the deceased. He acts, therefore, not by the authority which the probate court gave when it granted him the power to administer the estate of the deceased, but solely by virtue of the authority vested in him by the statute. It designated the personal representative of the deceased whoever he might be as the party to enforce the right of action given by the statute. In bringing this suit, therefore, the plaintiff does so not as the personal representative of her deceased husband and by virtue of the authority conferred upon her as such, but as the representative or trustee of the parties for whose benefit the action was instituted and by the authority conferred upon her by the stat-

ute.   The right of action might have been conferred upon the beneficiaries themselves, or upon any private person or public official, and if it had been, it is too clear for argument that there could be no question of the right of the person or official thus designated to maintain the action.   The fact that the legislature of New Jersey saw proper to invest the right to bring the action in the person acting as the personal representative of the deceased, instead of conferring the authority upon some other person or official, does not make the person the representative of the deceased in prosecuting the case, and therefore bring him within the prohibition of the act of 1832.

We think it is clear that the plaintiff, who is the personal representative of the deceased in the state of New Jersey, could bring this action without having taken out ancillary letters of administration in this state.   The assignments of error, therefore, are overruled and the judgment is affirmed.

MR. JUSTICE MITCHELL dissents.