Lavern Augusta ELLIOTT, Administratrix and Personal Representative of Robert Thomas Elliott, Jr., Deceased, Plaintiff,

v.

John Stewart DAY, Defendant.

Bettie M. STEVENSON, Executrix of the Estate of and Personal Representative of William A. Stevenson, Deceased, Plaintiff,

v.

John Stewart DAY, Defendant.

Civ. Nos. 62–179, 62–180.

United States District Court
D. Oregon.

Dec. 12, 1962.

Bernard P. Kelly, Kelly & Grant, Medford, Or., Burr, Boney & Pease, Kay & Miller, Anchorage, Alaska, for plaintiffs.

Frederic P. Roehr, Vergeer & Samuels, Portland, Or., for defendant.

EAST, District Judge.

These two separate actions, consolidated for trial, have been brought by Lavern A. Elliott (Elliott), as the above designated representative of Robert T. Elliott, deceased, and Bettie M. Stevenson, as the above designated representative of William A. Stevenson, deceased, to recover for the alleged wrongful death of their respective decedents, who were killed in an airplane crash while attempting to rescue the defendant, a leader of an ill-fated ascent party, from danger on the slopes of Mt. McKinley in Alaska.

The plaintiffs, as were their respective decedents, are each citizens of Alaska, and were duly appointed in that state to their respective personal representative capacities. The defendant is a citizen of Oregon, and the claims for damages are each in excess of $10,000.00. Hence, this court has diversity jurisdiction.

The defendant has filed motions to dismiss both complaints on the ground that the plaintiffs lack capacity to sue. The question to be resolved is the same in each case and a decision in one is binding upon the other. This court shall now consider whether Elliott, acting as such personal representative of Robert T. Elliott, lacks capacity to maintain in this forum the wrongful death action for the benefit of herself, as widow of the deceased, and his minor children.

■■ In these cases this court must apply the conflict of laws rules which prevail in Oregon. Williamson v. Weyerhaeuser Timber Co., 221 F.2d 5 (9th Cir.

1955). Oregon courts have followed the general rule that tort actions are transitory and that the law of the place where the tort was committed is controlling.[1] This rule applies in cases of wrongful death.[2]

The plaintiffs have based their alleged causes of action upon the Alaska wrongful death statute, which provides, *inter alia:*

> Alaska Compiled Laws:
>
> "§ 61–7–3.   Action for wrongful death:
>
> "Disposition of amount recovered. When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter if the former might have maintained an action had he lived, * * *, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife, or children, him or her surviving; * * *."

■ The Alaska statute creates these alleged causes of action, and only a duly appointed personal representative can institute and prosecute the same for the benefit of the widow and children of the decedent. A right of action for the benefit of the decedents' estates never came into existence. See Ross v. Robinson (Rehearing), 169 Or. 314, 128 P.2d 956 (1942); Anderson v. Clough, 191 Or. 292, 230 P.2d 204 (1951).

Rule 17(b) F.R.Civ.P. (28 U.S.C.A. rule 17(b)) provides, *inter alia:*

> "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued, shall be determined by the law of his domicile. * * * In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *." (Oregon).

1. See Bowles v. Barde Steel Co., 177 Or. 421, 164 P.2d 692, 162 A.L.R. 328 (1945).

2. Williamson v. Weyerhaeuser Timber Co., supra.

The Supreme Court of Oregon has not yet dealt with the question presented in this case. So this court, in reaching its decision, is bound to forecast what that court would hold if the same controversy were presented to it.[3]

The defendant contends that Elliott cannot act in her representative capacity in a state other than the one in which she received her appointment and that Oregon statutes expressly disqaulify her as a nonresident from acting in a representative capacity in this state. It would appear that the defendant contends that since the decedents left no estates in Oregon, there is no office for a legal representative and these Alaska statutory causes of action cannot be prosecuted against the defendant in Oregon. Suffice to say, this cannot be.[4]

■■ The general rule is that the authority of a personal representative to sue does not extend beyond the territorial jurisdiction of the court from which he derives his appointment. The rule which prohibits foreign administrators from bringing an action is founded upon policy reasons wherein the state seeks to protect local creditors who are entitled to recover their claims from the local assets of the deceased. Most courts have, however, recognized an exception to the rule and permit an action by the foreign administrator where recovery is sought for designated beneficiaries under a wrongful death statute which provides that the action shall be brought by the personal representative of the decedent's estate. See 52 A.L.R.2d 1016 (1957).

The primary reason for this exception to the rule is that the personal representative merely acts as a nominal plaintiff under the statute and that any recovery will not become a part of the estate of the deceased to which local creditors might assert a claim. In Wiener v. Specific Pharmaceuticals, Inc.,

298 N.Y. 346, 83 N.E.2d 673, 675–676 (1949), the court said:

"The rule barring foreign administrators from our courts is just and reasonable only if applied in cases, first, where there are domestic creditors, and second, where the foreign administrator sues to recover a fund in which such creditors may share. Obviously, no prejudice threatens local creditors of the decedent if the wrongful death statute makes no provision for recovery on behalf of the general estate and, in fact, bars creditors' claims against the proceeds. Suing under such a statute, plaintiff acts, not as an officer of the foreign court appointed by it as alter ego for the estate, but as a trustee for the designated beneficiaries, the actual and real parties in interest. In such a case, the amount recovered truly constitutes a special fund for their exclusive benefit, and, since it is not subject to the claims of others, no danger exists that failure to require local qualification may harm or prejudice domestic creditors. With the primary and, perhaps, only reason for the rule thus removed, the rule itself has no sensible application and should not be invoked in this class of case."

The facts in Wallan v. Rankin, 173 F.2d 488, 493 (9th Cir. 1949) are strikingly similar to those in the case under consideration. The decedents were killed in an airplane accident and their personal representatives, appointed in Oregon, brought wrongful death actions in a federal court in California for the benefit of the surviving widow and minor children of the decedents. In each action the defendants moved to dismiss upon a claim that the plaintiffs lacked capacity to sue. In holding that the dis-

---

3. Ward v. Union Bond & Trust Co., 243 F. 2d 476, 481 (9th Cir. 1957).

4. Full faith and credit clause, Constitution of the United States. See Pearson v.

Northwest Airlines, Inc., 307 F.2d 131, rehearing 309 F.2d 553 (2d Cir. (en banc) November 8, 1962).

trict court had erred in dismissing the suits, the court said:

> "They (the personal representatives) are not, we repeat, seeking to recover on behalf of their estates but for the benefit only of the respective widows and children of their decedents. As plaintiffs they occupy the status of statutory trustees of the type empowered to sue under § 377 of the California Code of Civil Procedure in actions for wrongful death  *  *  *. It is clear, therefore, that the real parties in interest are the widows and dependents since under Oregon law any amount recovered accrues to them personally free from any possible claims of creditors."

In the Wallan case, the court was bound to anticipate the ruling of the California Supreme Court, which had not yet been confronted with the same question. The court, 173 F.2d at page 493, said:

> "Considering the generally liberal spirit of the California decisions there can be little doubt that as a matter of comity the courts of that state would entertain a suit by a foreign administrator  *  *  * seeking recovery, as here, in the special statutory capacity of a trustee for the benefit solely of the dependents of his decedent."

The defendant here claims that the Wallan case is not controlling because there the court, in reaching its decision, made reference to the "liberal spirit of California decisions" and that here there is no showing that the Oregon court would adopt a liberal approach. This contention is without merit. The expression of the Court of Appeals "[c]onsidering the generally liberal spirit of the California decisions" is used, I submit, not in a political or socialistic concept, but rather in a cosmopolitan or intersectional "spirit" as distinguished from a provincial attitude. While the State of Oregon in the past has been oft accused of having a "mossback" or provincial attitude, the Oregon Reports contain a legion of cases recognizing a most cooperative spirit of comity and reciprocity with her sister states. However, the defendant's second contention, seeking to distinguish the Wallan case, has merit and is supported by distinguished authority from the District of Idaho and the Fourth Circuit. Namely, that the Oregon statute, O.R.S. 115.410, expressly disqualifies nonresidents from acting in a representative capacity in this state. This statute states:

> "Persons not qualified to act. The following persons are not qualified to act as executors or administrators: Nonresidents of this state  *  *  *."

The United States District Court of Idaho, in Barnes v. Union Pacific R. R. Co., 139 F.Supp. 198 (S.D.Idaho 1956), dismissed the complaint and held that the foreign administratrix lacked capacity to sue in Idaho for the wrongful death of her decedent since § 15–317 of the Idaho Code provides:

> "No person is competent to serve as administrator or administratrix who is: 1. Not a bona fide resident of the state."

And in Holt v. Middlebrook, 214 F.2d 187, 52 A.L.R.2d 1043 (4th Cir. 1954), the Court of Appeals affirmed an order dismissing the wrongful death actions brought in Virginia by nonresident personal representatives of the decedents. Section 26–59 of the Virginia Code provided that a nonresident of the state shall not be allowed to qualify or act as personal representative unless a resident of the state be also appointed to serve with the nonresident. The court held that the amendment of the words "to act" in the restrictive statute by the Virginia legislature after "it was familiar with the Rybolt, Pearson and La May cases [Rybolt v. Jarrett, 4 Cir., 112 F.2d 642; Pearson v. Norfolk & W. R. Co., D.C., 286 F. 429; La May v. Maddox, D.C., 68 F.Supp. 25]," indicated that "the purpose of the Legislature in adding these words 'or act'  *  *  * was

just to forbid the bringing of such civil actions."

In Rybolt v. Jarrett, 112 F.2d 642, 645 (4th Cir. 1940), the West Virginia statute provided:

"'No person not a resident of this State shall be appointed *or act* as executor, administrator, * * *.'"

In affirming the judgment of the district court in dismissing the action, the court said:

"The italicized words 'or act', we believe, must have some meaning, even if the foreign administrator is ultimately a trustee for the beneficiaries; for he is acting as a personal representative, since that is the precise term used in the Statute of Death by Wrongful Act. * * *"

and said:

"When in a statute of such clean cut restrictive force, the legislature undertook to make certain explicit exceptions, it seems a fair implication that the legislature intended to exclude other exceptions, and thus to make the statute say what it means and mean what it says."

It must here be noted that Barnes relies upon the Fourth Circuit cases of Holt and Rybolt and in nowise deals with Wallan of the Ninth Circuit. I feel I must. So, notwithstanding the force of Barnes, Holt and Rybolt, I am convinced that the spirit of Wallan, as expanded in the language of Citizens Fidelity Bank & Trust Co. v. Baese, 136 F.Supp. 683, 687 (M.D.Tenn.1955), is more acceptable and approaches a more facile judicial policy of comity and reciprocity in dealing with the rights and duties among citizens of the several states. In Citizens Fidelity, the plaintiff administrator, who had received its appointment in Kentucky, brought a Kentucky statutory action for the wrongful death of his decedent in the District Court of Tennessee. The defendant claimed that the plaintiff was without capacity to maintain the action by virtue of c. 164 of the Public Acts of Tennessee, 1955, § 1., which provides, in part:

"* * * That no person not a resident of the State, * * *, shall be appointed or allowed to qualify or act as a personal representative unless there be also appointed to serve with the non-resident personal representative a person resident in this State, * * *."

The court, in permitting the action, said:

"Where the foreign administrator is acting for the general estate to recover assets belonging to it, the reason for the appointment of a local administrator is apparent, in that the rights of local creditors are further safeguarded. But the same reason does not exist where the foreign administrator comes into Tennessee merely as a trustee to effect a recovery for wrongful death for the specific benefit of statutorily designated persons. To require him in that event to qualify * * * would be at most an idle ceremony of no benefit to Tennessee citizens or creditors and an undue hardship upon the beneficiaries of the recovery. In the absence of more unequivocal verbiage than the expression 'or act' in the 1955 Act, it does not appear reasonable to presume that the Tennessee legislature intended to accomplish that result."

It is manifest that Elliott is not acting in this proceeding by virtue of the authority granted her to administer the estate or enforce any right of her decedent, but *solely* because of the newly created statutory right resting in her by the wrongful death statute of Alaska. This statute creates a new right of action to be prosecuted by the personal representative and the question is more likened to that of ascertaining the real party in interest, as distinguished from a legal capacity to sue. Rule 17(a), Real Party in Interest, F.R.Civ.P.; Briggs v. Pennsylvania R. R. Co., 153 F.2d 841, 163 A.L.R. 1281 (2nd Cir. 1946); 3 Moore's Federal Practice, §§ 17.14 and 17.10 at

n. 17; see Boulden v. Pennsylvania R. R. Co., 205 Pa. 264, 54 A. 906, 908 (1903).

I conclude that if the Supreme Court of Oregon had this matter before it today it would as a matter of comity grant the foreign personal representative Elliott a statutory fiduciary standing in the courts of Oregon, as it would expect Alaska to recognize Oregon's personal representative under O.R.S. 30.020, which for all legal significance is identical to the Alaska statute conferring a new statutory right of action to be prosecuted by the personal representative for the use and benefit of named beneficiary, and as California did in Wallan. Oregon has a statute (O.R.S. 30.020) similar to California's § 377, referred to in Wallan. Accordingly, Elliott is properly in this court and the motion attacking her status should be denied.

Having reached this conclusion, it is unnecessary to deal with the plaintiff's claim that the defendant waived the grounds of his objections by first answering to the merits.

Counsel for the plaintiffs are requested to submit appropriate order.