**Paul Leslie GIDINSKI, Administrator of the Estate of Andrea Lori Gidinski, Plaintiff,**

v.

**Murel L. McWILLIAMS, Defendant.**

**Civ. No. 69–596.**

United States District Court
D. Oregon.

Jan. 12, 1970.

Charles Paulson, Dennis W. Skarstad, and Lent, York, Paulson & Bullock, Portland, Or., for plaintiff.

Hugh B. Collins, Lyle C. Velure, and Collins, Redden, Ferris & Velure, Medford, Or., John M. Coke, and Coke, McGeorge & McLeod, Portland, Or., for defendant.

## OPINION

GOODWIN, District Judge:

The plaintiff seeks a recovery under ORS 30.020 for the death of a minor girl who was killed in an automobile accident in Oregon.

The decedent, a British Columbia resident, left no surviving spouse or dependents. The administrator of the decedent's estate brings this action for the benefit of the estate. The administrator is a resident and citizen of British Columbia, and was appointed administrator by a British Columbia court. No ancillary administrator has been appointed by an Oregon court.

The defendant moved to dismiss the complaint, contending that the plaintiff does not have capacity to bring the action.

Rule 17(b) Fed.R.Civ.P. (28 U.S.C.A. Rule 17(b)) provides that the capacity to sue of a person acting in a representative capacity "shall be determined by the law of the state in which the district court is held * * *."

ORS 115.410 provides that "[t]he following persons are not qualified to act as executors or administrators: Nonresidents of this state * * *."

ORS 43.180 provides that the authority of a guardian, committee, executor or administrator appointed by another jurisdiction "does not extend beyond the jurisdiction of the government under which he was invested with his authority."

Under the quoted statutes, the plaintiff would have no capacity to maintain this action in an Oregon court. Nevertheless, the plaintiff argues that he is entitled to bring the action in this court, and cites Elliott v. Day, 218 F.Supp. 90 (D.Or.1962), which permitted an Alaska administrator to sue an Oregon resident in this district under an Alaska wrongful-death statute.

The court in *Elliott* stated:

"* * * The rule which prohibits foreign administrators from bringing an action is founded upon policy reasons wherein the state seeks to protect local creditors who are entitled to recover their claims from the local assets of the deceased. * * *" 218 F. Supp. at 92.

The *Elliott* decision then surveyed other cases throughout the country and found a generally recognized exception to the rule. A number of jurisdictions apparently allow a foreign administrator to bring an action for wrongful death if the proceeds of any recovery will go directly to the statutory beneficiary and not to the decedent's estate. The court then went on to say:

"The primary reason for the exception to the rule is that the personal representative merely acts as a nominal plaintiff under the statute and

that any recovery will not become a part of the estate of the deceased to which local creditors might assert a claim * * *."

The court then concluded that since Elliott was suing under an Alaska wrongful-death statute, and came within an exception recognized in a number of states, the Oregon Supreme Court would probably allow such a plaintiff to bring the same action in a state court.

Recent decisions by the Oregon Supreme Court, however, suggest that, if faced with the question of the capacity of a foreign administrator to sue, the Oregon court would strictly construe ORS. 115.410, and would deny a foreign administrator capacity to bring an action of the type now before this court. See, e.g., Wink v. Marshall, 237 Or. 589, 392 P.2d 768 (1964); Richard v. Slate, 239 Or. 164, 396 P.2d 900 (1964).

In this case, moreover, any recovery would go into the decedent's estate because there is no surviving spouse or dependent. Therefore, a judicial exception to ORS 115.410 cannot be supported by Elliott v. Day.

Defendant's motion to dismiss the action is allowed.