**Louis R. PANTANO, Special Administrator in the Estate of Paola E. Pantano, Deceased, Plaintiff and Appellant,**

**v.**

**UNITED MEDICAL LABORATORIES, INC., an Oregon corporation, Defendant and Appellee.**

**No. 26283.**

United States Court of Appeals, Ninth Circuit.

March 17, 1972.

---

1. The officers indicated that they had a search warrant but they, in fact, had no warrant.

Robert J. Morgan (argued), of Erlandson & Morgan, Milwaukie, Or., for plaintiff and appellant.

Roland F. Banks, Jr. (argued), Ridgway K. Foley, Jr., of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for defendant and appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and RENFREW, District Judge.

RENFREW, District Judge:

Appellant, a special administrator of a decedent's estate in Nebraska, commenced a wrongful death action against appellee, an Oregon corporation, in the United States District Court for the District of Oregon. Appellant was not qualified as a personal representative in Oregon. The District Court granted appellee's motion to dismiss the complaint on the ground that appellant lacked capacity to sue. We affirm the order of the District Court.

Rule 17(b) (Fed.R.Civ.P. 28 U.S.C.A. Rule 17(b)) provides that the capacity of an individual to sue or be sued "shall be determined by the law of the state in which the district court is held * * *." In reaching its decision the District Court applied the Oregon statutes then in effect.* Appellant contends that Oregon Conflict of Laws rules require that Nebraska law be applied in this matter. However, this Court is not convinced by that argument and finds that the District Court was correct in applying Oregon law.

Appellant argues that even should Oregon law be applied, that Elliott v. Day, 218 F.Supp. 90 (D.Or.1962) authorizes the instant suit. In that case the court permitted an Alaskan administrator to sue an Oregon resident in the District Court for the District of Oregon under an Alaskan wrongful death statute. The court reached its decision on the presumption that had the Oregon Supreme Court been confronted with this question, it would have permitted such a suit in a state court. Subsequent to the *Elliott* case the Oregon Supreme Court strictly construed ORS 115.410 clearly indicating that it would not permit such a suit. See, e. g., Wink v. Marshall, 237

---

* ORS 115.410 provides "(t)he following persons are not qualified to act as administrators or executors: Nonresidents of this state." ORS 43.180 provides that "the authority of a guardian, committee, executor or administrator does not extend beyond the jurisdiction of the government under which he was invested with his authority." This statute, which was in effect at the time the within action was commenced, has been changed by the new Oregon Probate Code.

Or. 589, 392 P.2d 768 (Or.1964); Richard v. Slate, 239 Or. 164, 396 P.2d 900 (Or.1964).

 Based upon these decisions of the Oregon Supreme Court, the Oregon District Court in Gidinski v. Mc-Williams, 308 F.Supp. 772 (D.Or.1970) held that an administrator who was a resident and citizen of British Columbia had no standing to bring an action in the District Court for the District of Oregon. We agree with the decision in the *Gidinski* case and the order below therefore must be

Affirmed.